388, 21 N. Y. Supp. 426; Slacer v. Engineering Co., 4 Misc. Rep. 493, 24 N. Y. Supp. 550; Ryan v. Manufacturing Co. (City Ct. Brook.) 18 N. Y. Supp. 754.

But the appellant earnestly insists that it was error for the trial court to submit to the jury the question, as a distinct proposition, whether there was an omission of duty on the part of the defendant to instruct the plaintiff as to the dangers that might be apprehended by reason of the character of the floor or of the stool furnished the plaintiff upon which he was to sit while operating the machine; the contention being that the condition of the floor and the stool, and its relations to the machine, were apparent to the plaintiff, and about which he needed no instructions, and he took the risk of the situation in that regard. If the charge of the trial court, taking it altogether, is to be construed as distinctly charging that this ground of negligence is sufficient to go to the jury, irrespective of the failure to furnish the means of extricating the forms from the die, and of general instruction as to the entire method of the work, of which there is some doubt, it was probably error to so charge; and upon that ground alone I concur with the majority of the court in granting a new trial.

---

## CURTIN v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

DAMAGES—MENTAL SUFFERING—FAILURE TO DELIVER TELEGRAM.

Damages are not recoverable for mental suffering consequent on delay in the delivery of a telegraphic message, nor for sickness and physical suffering resulting from such mental distress.

Appeal from appellate term.

Action by Maggie Curtin against the Western Union Telegraph Company. Judgment for plaintiff was rendered by the trial term of the city court of the city of New York, which was reversed by the general term. From an order of the appellate term (38 N. Y. Supp. 58) reversing an order of the general term of the city court (36 N. Y. Supp. 1111), which reversed a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Rush Taggart, for appellant.
Lyman W. Redington, for respondent.

BARRETT, J. Several important questions are presented upon this appeal. We need, however, consider but one of them, namely, whether the plaintiff can recover damages for mental distress causing, as she claims, physical suffering. This question is a crucial one, for, if disposed of adversely to the plaintiff's contention, her action wholly fails. We think it must be thus disposed of, both upon principle and authority. A late case in our court of appeals (Mitchell v. Railroad Co., 151 N. Y. 107, 45 N. E. 354) settles the rule in this state, as ap-

plicable to actions for personal injuries occasioned by negligence. It was there held that, although a miscarriage and consequent illness resulted from fright occasioned by the negligent management of the defendant's car and horses, yet the plaintiff could not recover, for the reason that there was no immediate personal injury. The horses' heads in that case, though in close proximity to the plaintiff's person, did not actually touch it. The principle of this case is a fortiori applicable here. The plaintiff's recovery rests solely upon the defendant's negligence in the performance of a duty which it owed to her as the addressee of the telegram. There was no contractual relation between the parties. The contract was made in St. Louis, Mo., with the plaintiff's brother. He was the sender of the dispatch, and he there paid for the service. There certainly could be no recovery for mental distress occasioned by a breach of that contract. The only contract for the breach of which a solatium may be allowed is a contract to marry. Even the latter is but nominally an exception to the rule. Though, in form, an action for breach of promise of marriage is upon contract, it essentially sounds in tort.

We are aware that, in Texas and some other states of the Union, the general rule of damages in actions upon contract has been extended in the present class of cases, and compensatory damages are allowed in these states for mental suffering caused by a telegraph company's breach of its contract to deliver promptly a message intrusted to it. So Relle v. Telegraph Co., 55 Tex. 308; Chapman v. Telegraph Co., 90 Ky. 265, 13 S. W. 880; Wadsworth v. Telegraph Co., 86 Tenn. 695, 8 S. W. 574; Reese v. Telegraph Co., 123 Ind. 294, 24 N. E. 163; Telegraph Co. v. Stratemeier (Ind. App.) 32 N. E. 871; Telegraph Co. v. Henderson, 89 Ala. 510, 7 South. 419. The same rule was formerly adopted in the federal court in Texas (Beasley v. Telegraph Co., 39 Fed. 182), but the contrary doctrine was ultimately held by the circuit court of appeals for that circuit (Telegraph Co. v. Wood, 13 U. S. App. 317, 6 C. C. A. 432, and 57 Fed. 471). The reasoning of these Southern and Western cases concedes that a party is only liable for damages proximately resulting from the breach. They hold, however, that where the telegraphic message indicates upon its face that it is not of a business or commercial character,—where, in fact, it points solely to matters of sentiment or feeling,—the parties contemplate compensation for such mental suffering in case of a breach. Otherwise, they say, there could be no redress therefor. The fallacy of this reasoning lies in the premise. The parties contemplate nothing of the kind. The courts that lay down the rule contemplate it for them. The parties know that a contract is a bargain for the breach of which the law affords exact pecuniary redress; that such redress is not uncertain; that it implies damages, which must be proved, and which are never left even to the reasonable discretion of a court or jury. They thus know, when they send a message pointing solely to sentiment or feeling, that they are entering into a contract which has no pecuniary value, and that the law affords no redress in damages for the breach of such a contract. This, and this alone, is what they contemplate. As was said in Francis v. Telegraph Co.

(Minn.) 59 N. W. 1078: "The law looks only to the pecuniary value of a contract, and for its breach awards only pecuniary damages."

In some of the cases above cited the recovery was placed upon the ground of the defendant's negligent breach of duty. But, whether the damages are given for breach of contract or for negligence, the rule is the same with regard to mental suffering. The wrongdoer is liable only for the natural and proximate consequences of his negligent act. Lowery v. Telegraph Co., 60 N. Y. 201. But an injury to the feelings, independently and alone,—that is, apart from corporal of personal injury,—is not, in any legitimate or juridical sense, a natural and proximate consequence of the negligent act. It may be the natural and proximate consequence of a physical injury. There it may be interwoven with the corporal injury, which is definite and certain, and it can be measured as a part and parcel of the totality of physical suffering. The law looks upon the direct physical injury alone, and the proximate consequence of the negligent act, not upon the secondary ailment resulting from the primary mental suffering. An injury to the feelings, independently and alone, is something too vague to enter into the domain of pecuniary damages,—too elusive to be left, in assessing compensation therefor, to the discretion of a jury. The extent and intensity of such injuries depend largely upon individual temperament and physical, mental, and nervous conditions. These conditions are shadowy, unequal, and uncertain in the extreme. When they exist, in connection with physical injuries, they can be examined and tested. Existing alone and independently, they are easily simulated, and the simulation is hard to detect. There is, in fact, no genuine congruity between pecuniary loss and isolated mental pain; and, if there were, there is no certain means whereby such mental pain can be fairly and accurately compensated. The true rule upon this head is well put in the American & English Encyclopedia of Law (volume 27, p. 862) as follows:

"A rule that is more consistent with recognized legal principles, and that is supported by better authority, is that mental suffering, alone and unaccompanied by other injury, cannot sustain an action for damages, or be considered as an element of damages. Anxiety of mind and mental torture are too refined and too vague in their nature to be the subject of pecuniary compensation in damages, except where, as in case of personal injury, they are so inseparably connected with the physical pain that they cannot be distinguished from it, and are therefore considered a part of it."

Many cases in support of this reasonable doctrine are there cited in the notes.

The present case aptly characterizes the looseness which usually attends sympathetic departure from settled principles. The action was tried upon a stipulation as to the facts. All that the trial judge knew about the plaintiff's injuries was embodied in this stipulation, which read as follows:

"(9) That the plaintiff, after she learned from the said Thomas O'Connor, on the 15th day of July, of the death of Cornelius Curtin, on the 12th of July, in St. Louis, and of his burial there on the 14th, became sick in consequence thereof, and because she was not able to be present at his death and burial, and in said sickness expended the sum of $20 for medical services and of $5 for medicine, and had also expended the sum of $60 for clothing, as alleged in said amended

complaint, which she otherwise would not have expended if she had known that she could not be present at the funeral of her said brother."

Upon these facts, the trial judge made this finding: "(13) That the plaintiff was damaged to the amount of $125." How, it may be asked, did he arrive at this sum? What, for instance, has become of the clothing? Was it entirely lost to the plaintiff? The stipulation is silent. As to the illness, it read that she became sick in consequence of her brother's death and burial, and because she was not able to be present at his death and burial. The defendant was certainly not responsible for her brother's death, nor for her inability to be present at his deathbed; for it appears that the telegram was sent after his death, and, indeed, announced that fact. Was her illness, then, caused exclusively by inability to be present at the funeral? If not, how much of her suffering was due to the fact of death, and how much to the inability to be present at the funeral? These inquiries are logically pertinent. They illustrate the purely arbitrary character of the award. It was small, it is true, but it might just as well have been smaller or larger. What is clear is that it was hopelessly uncertain and devoid of substantial foundation. It was simply—in part, at least—a solatium, where a solatium is inadmissible. We think the general term of the city court was fully warranted in granting, as it did, a new trial because of the trial judge's error with regard to the damages.

The order of the appellate term should, therefore, be reversed, and the order of the general term of the city court affirmed, and judgment absolute ordered for the defendant, with costs in this court and in the appellate term, and also in the trial and general terms of the city court. All concur.