ROSALIE STAHL, Respondent, *v.* WILLIAM NECKER, INC.,
Appellant.

First Department, July 11, 1918.

**Dead bodies — action by wife against crematory for damages for
mental suffering due to erroneous certificate as to cremation of
body of husband — right of next of kin to possession of body
of deceased relative — when recovery may be had for mental
suffering.**

In the absence of testamentary disposition to the contrary a surviving
husband or wife or the next of kin have the right to the possession for the
purpose of burial or other disposition which they may see fit to make of
the body of a deceased relative. They are entitled to such right of pos-
session as a solace and comfort in their time of distress.

One who deprives a party thus entitled to the remains of a departed relative
from the solace and comfort arising from the privilege of such burial or
disposition as they may desire to make, is liable in damages for the mental
suffering and anguish to the surviving relative by reason of such
deprivation.

Where, in an action by a wife against a corporation operating a crematory
to which she had delivered the body of her deceased husband to be
cremated and the ashes returned to her in an urn with a certificate stating
the time and correct date of the cremation, it appeared that the certificate
was erroneous but the jury found under proper instructions by the court
that the urn delivered to the plaintiff contained the ashes of her deceased
husband, there was no basis for awarding damages to the plaintiff for her
mental anguish from the time of the delivery of the ashes to the time of
the rendition of the verdict, and a judgment entered thereon should be
reversed and a new trial granted.

A person may only recover damages for mental suffering which is the natural
and proximate consequence of some wrongful act or neglect on the part of
the one sought to be charged. Independent of some corporeal or personal
injury or breach of duty there can be no mental suffering for which
recovery may be had.

APPEAL by the defendant, William Necker, Inc., from a
judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 22d day of October, 1917, upon the verdict of a jury
for $2,500, reduced by stipulation to $1,500, and also from
an order entered in said clerk's office on the 15th day of
October, 1917, denying defendant's motion for a new trial

made upon the minutes as resettled by an order entered on the 16th day of November, 1917.

*Edwin M. Otterbourg* of counsel [*Charles A. Houston* with him on the brief; *Otterbourg, Steindler & Houston*, attorneys], for the appellant.

*Saul Gordon* of counsel [*Arthur G. Basch*, attorney], for the respondent.

MERRELL, J.:

The defendant, appellant, William Necker, Inc., has appealed to this court from a judgment rendered in favor of the plaintiff, Rosalie Stahl, and entered October 22, 1917, for the sum of $1,659.50, defendant also appealing from the order denying its motion to set aside the verdict upon the usual grounds.

Plaintiff is a resident of the city of New York, and defendant is a New Jersey corporation operating a crematory for the incineration of human bodies.

Plaintiff's husband died May 5, 1916, and she claims that three days after his death she entered into a contract with the defendant corporation whereby she was to deliver the body of her deceased husband to the defendant, the latter was to cremate the remains at its crematory located at the town of Union, N. J., and, after the remains had been reduced to ashes, then to return the same to plaintiff inclosed in a suitable urn, inscribed with the name of the deceased, with the time and correct date of the cremation of the body, and that defendant would also execute and deliver to plaintiff, at the time of the delivery of the urn containing her husband's ashes, a certificate stating the time and correct date of cremation of the body, and that the urn delivered to plaintiff contained such ashes. The contract was oral, and was made by plaintiff with one Pruser, concededly a representative of the defendant corporation, authorized to represent and bind defendant. According to the testimony of the plaintiff, Pruser had charge of the funeral arrangements on May 8, 1916, and after the funeral services were over, the body of plaintiff's husband was conveyed to the crematory of defendant at Union Hill, N. J. Plaintiff accompanied her husband's remains, arriving at the crematory shortly before noon of that

day. She remained at the crematory but a short time, and departed, leaving her husband's body in the custody of the defendant.

Defendant's witness Siccardi, employed as a funeral director, testified as to having conducted the funeral of plaintiff's husband, and was in charge of the remains, conveying the same to the crematory. He testified that the body was carried upstairs, placed in the defendant's chapel adjoining the crematory proper, and that he inquired of plaintiff if she wished to see her husband before he was placed in the retort or oven; that she replied that she did not, and that thereupon the body was carried into the room where the retort was situated, the handles and name-plate taken from the casket, and the casket containing the remains placed three-quarters of the way in the oven. Siccardi further testified that he brought the plaintiff and accompanying friends into the room and showed her the casket in the retort; that the casket was then slid into the retort, the same was locked, the fire turned on, and in the course of about an hour's time the cremation was complete.

Plaintiff denies having been present when the body was finally placed in the retort. She testified that the next she knew was the appearance of Pruser, defendant's representative, at her place of residence on May tenth, and that when he called she inquired whether he had the ashes of her husband, and that he replied by a counter-inquiry as to whether or not she had the money. Upon being informed that she had not, as she had not left the house since the funeral, Pruser expressed disappointment that he should be compelled to call twice for his money. Plaintiff then testifies that she requested him to come a couple of days later when she would have the money ready, to which Pruser acceded. Plaintiff testifies that Pruser returned on May twelfth, and that she made the same inquiry as to whether or not he had brought her husband's ashes, and that he again made the counter-inquiry as to whether or not she had the money, to which plaintiff replied that she had, and paid him the agreed price for the services rendered, and that she then asked for the ashes of her husband; that Pruser replied they were downstairs, and that he went down, and from the conveyance in which he had come from Union

Hill he brought an urn containing ashes, and a certificate. Upon the urn there was attached a card upon which was the following inscription:

> " WILLIAM NECKER CREMATORY
> " 255 Bergenline Avenue, Union Hill, New Jersey.
> " ashes of
> " Carl M. Stahl
> " Cremated April 31st, 1916.
> " Register No. 420."

The certificate delivered to plaintiff by Pruser was in the following form:

> " Necker Crematory
> " Necker Building, Town of Union, N. J.
> " No. 470.
> " This is to certify that the body of the late Carl M. Stahl was incinerated at this Crematory on the 31 day of April, 1916, and that the ashes in the sealed can numbered 420 are the remains of said deceased.
> " Dated this 11 day of May, 1916.
> " WILLIAM NECKER, INC. [SEAL]
> " Per JOSEPH STAHL."

Manifestly a mistake was made in the inscription attached to the urn and in the certificate, as plaintiff's husband was alive on the date when defendant certified the remains were cremated, and, of course, there was no such date as the thirty-first day of April.

Plaintiff testified that as soon as she discovered this blunder she felt frightfully, as she expresses it, and that she knew then that the urn did not contain the ashes of her husband. She claims to have consulted a family friend and asked him to investigate the matter, and that her friend did in fact write the defendant corporation, but that he received no reply in reference thereto. Plaintiff seems to have made no further effort to ascertain whether defendant had, in fact, incinerated the remains of her deceased husband, and as to whether the ashes contained in the urn delivered by defendant to her were or were not those of her deceased husband.

Upon this state of facts, plaintiff brought this action and

claimed damages in the sum of $10,000 against the defendant by reason of having been deprived of the remains of her husband and for mental anguish suffered by reason thereof. By her complaint in this action, plaintiff sets forth the contract which she claims she had with the defendant, the performance thereof on her part, and defendant's failure to perform, which plaintiff alleges resulted from negligence on its part, in that it failed and neglected to cremate the body of her said husband and failed and neglected to inclose the ashes in an urn and deliver the same to the plaintiff suitably inscribed, as before stated, together with the certificate stating the true and correct date of the cremation.

Upon the trial the defendant gave testimony to show that in fact it had cremated the remains of plaintiff's husband, and that the ashes delivered to plaintiff were those of the deceased, notwithstanding the error which it had made in inscribing the urn and in the certificate furnished. As to how such error occurred the record affords no explanation.

The plaintiff, throughout the trial, insisted that the urn did not contain the remains of her husband, but based such claim entirely upon the fact of the false inscription upon the urn and the erroneous certificate furnished by defendant.

The trial judge, in submitting the case to the jury, presented for determination the question as to whether or not the ashes delivered by the defendant to plaintiff and then contained in the urn were the ashes of plaintiff's deceased husband. This, under the judge's charge, was stated to be the main question of fact for the determination of the jury, upon a fair preponderance of the evidence. The court charged the jury that the plaintiff had the right to the solace and comfort of disposing of the remains of her husband, and if, by any act of omission or commission, defendant had deprived her of that right, she was entitled to damages resulting therefrom. Such instruction to the jury was undoubtedly correct. (*Larson* v. *Chase,* 47 Minn. 307; *Darcy* v. *Presbyterian Hospital,* 202 N. Y. 259; *Foley* v. *Phelps,* 1 App. Div. 551.) The court then proceeded to differentiate and distinguish between damages which would properly accrue to plaintiff if the urn did not contain the ashes of the deceased, and damages which would result in case the urn did in fact contain the ashes

of deceased, but had not been properly inscribed and correctly certified. The court charged the jury, in effect, that although they might find that the defendant cremated the body of the deceased and delivered the ashes to plaintiff, she still might recover for mental anguish suffered resulting from such false certification, up to the time of trial. In this respect the court specifically charged the jury as follows: " If you find that the plaintiff has suffered mental anguish by reason of the character and nature of the proof furnished by the defendant to the plaintiff as to the identity of these ashes, then you may return a verdict in her favor which would be a fair and reasonable compensation to her for the mental anguish that she has suffered from the time of receiving these documents, that is, the certificate, Plaintiff's Exhibit 3, and the receptacle, Plaintiff's Exhibit 2, up to this time."

Upon the instructions of the court the jury was thus permitted to find damages in favor of plaintiff for her mental anguish from the time of the delivery of the ashes to the time of the rendition of the verdict finding that the urn actually contained the remains of plaintiff's husband. The jury, under such instructions, rendered a verdict in the following form: " We find that the ashes are the ashes of Mr. Stahl [plaintiff's deceased husband], and for mental anguish we find for the plaintiff for $2,500."

Amplified, in response to inquiry by the court, the jury stated that they found, in effect, that the ashes contained in the urn were the ashes of her deceased husband, and that they found a verdict for the amount of $2,500 in favor of plaintiff, damages for mental anguish. The verdict of the jury was entirely permissible under the peculiar instructions of the trial court. The court reduced the verdict to $1,500, upon which the judgment appealed from was entered.

I think the verdict of the jury cannot be sustained, and that the judgment entered thereon must be reversed.

The law seems to be well settled in this State that in the the absence of testamentary disposition to the contrary, a surviving husband or wife or the next of kin have the right to the possession for the purpose of burial or other disposition which they may see fit to make of the body of a deceased relative. They are entitled to such right of possession as a

solace and comfort in their time of distress. One who deprives a party thus entitled to the remains of a departed relative from the solace and comfort arising from the privilege of such burial or disposition as they may desire to make, is liable in damages for the mental suffering and anguish to the surviving relative by reason of such deprivation.

The leading case is that of *Larson* v. *Chase* (47 Minn. 307). That case holds that the possession of a dead body for the purposes of preservation and burial belongs, in the absence of testamentary disposition, to the surviving husband or wife or next of kin of the deceased, the rights of a surviving wife, if living with her husband at the time of the latter's death, being paramount to that of the next of kin, and that damages are recoverable for injury to the feelings and mental suffering resulting directly or approximately from the wrongful act of deprivation, although no actual or pecuniary damages be proven.

*Larson* v. *Chase* (*supra*) has received the approval of our Court of Appeals in *Darcy* v. *Presbyterian Hospital* (202 N. Y. 259), and also in *Foley* v. *Phelps* (1 App. Div. 551). The latter decision was in the First Appellate Division, and arose on demurrer to plaintiff's complaint, and while this department in that case declined to express an opinion in respect to the measure of damages in a case of this kind, yet it recognized the liability of a wrongdoer who deprives one entitled to the remains of a deceased relative for damages for the mutilation of the remains of the deceased and the deprivation of a relative entitled to the possession thereof for burial, although no pecuniary loss or damage might be proven.

By their verdict in this case the jury have expressly found, under the instructions which they received from the trial court, that by a fair preponderance of evidence the defendant established the fact that it had delivered to plaintiff the ashes of her deceased husband, from which it follows that the plaintiff has suffered no damage by reason of being deprived of such remains. But, under the instructions of the court, the jury went further and found upon a fanciful theory that the plaintiff was entitled to damages for her mental anguish suffered prior to the determination of the jury that defendant did in fact deliver to her the remains of her husband, which

mental anguish and suffering were occasioned by the erroneous certificate furnished by defendant which caused doubt in plaintiff's mind as to the identity of the ashes which she had received. I can conceive of no tangible basis for any such allowance of damages. A person may only recover damages for mental suffering which is the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged. Independent of some corporeal or personal injury or breach of duty, there can be no mental suffering for which recovery may be had. (*Curtin* v. *Western Union Telegraph Co.*, 13 App. Div. 253, 255, 256.) If the jury had found that the plaintiff had been deprived of her husband's remains by reason of misconduct on defendant's part, then she would have been entitled to damages for injury to feelings proximately flowing from defendant's wrongful acts. But here the jury have specifically found that she has suffered no loss, but, on the contrary, received from the defendant the ashes of her deceased consort. The verdict of the jury destroyed any basis for a recovery of damages for mental suffering. Manifestly the verdict resulted from erroneous instructions by the court as to the basis of plaintiff's damages.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.

DOWLING, SMITH, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.