FRANCES A. SMITH, Plaintiff, *v.* THE RECTOR, CHURCHWARDENS AND VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK, and FRANK D. SPICER and Others, Defendants.

Supreme Court, Bronx County, April 24, 1931.

*Littau & Seligson* [*H. G. Littau* of counsel], for the plaintiff.

*Sprague, Seymour & Sprague* [*Chase Mellen* of counsel], for the defendant Rector, etc., of Trinity Church.

*Holm, Whitlock & Scarff* [*I. M. Cohen* of counsel], for the defendant Spicer.

MILLER, J. This action was brought by plaintiff to recover damages for mental anguish caused by an alleged interference with the burial of the body of her mother in a plot in the cemetery of the defendant Trinity Church. Upon the trial the jury rendered a verdict in favor of the latter and against the defendant Frank D. Spicer in the sum of $1,000. At the close of plaintiff's case the fact had been established by proof of the death of several persons that she had an interest in the plot and by reason thereof the right

to bury her mother therein, and that there was delay in the interment. The only evidence offered to connect the defendant Spicer with this delay was his letter to Trinity Church written under date of August 24, 1927, while the plaintiff's mother was living. In this communication he listed the names of persons whose bodies he claimed were entitled to burial in the plot. The names of the plaintiff and her mother were omitted from this list. The mother died five days later. The superintendent of the cemetery considered the letter as an objection to her burial in the plot and permission for such burial was refused by him until the plaintiff had proved her title. In the interim the body was placed in the receiving vault of the cemetery.

The plaintiff failed to prove the allegation of her complaint that Spicer wrote the letter " knowing and having reason to know that the said plaintiff had the legal right to inter the body of her mother " in the cemetery plot, or that when the letter was written the defendant Spicer knew that her mother was ill, or that her death was imminent. In paragraph 15 of the complaint the plaintiff alleged that the letter was written on or about August 30, 1927, which was a day subsequent to the death of her mother.

In my opinion the plaintiff has not established a cause of action for damages for mental anguish. " A person may only recover damages for mental suffering which is the natural and proximate consequence of some wrongful act or neglect on the part of the one sought to be charged. Independent of some corporeal or personal injury or breach of duty, there can be no mental suffering for which recovery may be had. (*Curtin* v. *Western Union Telegraph Co.*, 13 App. Div. 253, 255, 256.) " (*Stahl* v. *Necker*, 184 App. Div. 85, 92.)

The deeds under which plaintiff claimed title were granted by Trinity Church in 1864 and 1867, respectively. The power to execute these grants had been vested in the corporation by chapter 133 of the Laws of 1847. The 11th section of this statute contains a proviso as follows: " that the body of any deceased person shall not be interred in such lot or plat, unless it be the body of a person having at the time of such decease an interest in such lot or plat, or the relative of some person having such interest, or the wife of such person, or her relative, except by the consent of all persons having an interest in such lot or plat."

The cemetery corporation held title to the land; the heirs at law of the original grantees held only easements for the purposes of burial. (*Went* v. *Methodist Protestant Church*, 80 Hun, 266, 273; affd., 150 N. Y. 577.) The interest of the defendant Spicer in the plot gave him a right to object to the burial of strangers, and as the interest of the plaintiff rested in parol, it was not, under the

circumstances, an unreasonable or wrongful act on the part of the defendant Trinity Church, or of the defendant Spicer, to require the plaintiff to establish her interest in the plot by documentary proof or affidavit before permitting the interment of the body of her mother.

The verdict of the jury in favor of the defendant Trinity Church established that the cemetery corporation had committed no wrongful act or breach of duty. "The verdict of the jury destroyed any basis for a recovery of damages for mental suffering." (*Stahl* v. *Necker, Inc., supra,* 92.)

The verdict in favor of the plaintiff against the defendant Frank D. Spicer is set aside and the complaint against him is dismissed.