In the Matter of the Petition to Set Aside the Election of Directors and Trustees of the FENTONVILLE CEMETERY ASSOCIATION.

ARCHIE A. JOHNSON and Another, Appellants; FRANK ADAMS and Others, Respondents.

Fourth Department, June 2, 1933.

*John S. Leonard,* for the appellants.

*Gerald A. Herrick,* for the respondent.

TAYLOR, J. This appeal has to do with voting rights of lot owners and members of the Fentonville Cemetry Association. This association was organized in June, 1904, under the Membership Corporations Law. Section 1 of article II of the by-laws, fashioned after section 43 of the Membership Corporations Law, in effect when the association was incorporated, gives membership and voting rights to all lot owners acquiring their lots after incorporation of the association, whatever effect it may have as to other owners. As to lots acquired before the incorporation, three mooted questions are presented to us: (1) Do heirs and devisees of original owners of lots succeed to the rights of their ancestors and devisors; (2) may a lot owner vote as the representative of more than one lot; and (3) should owners of lots acquired before incorporation be foreclosed from voting rights by failing to file certificates prior to July 15, 1932?

Section 84, amending section 69 of the Membership Corporations Law of 1909, as the learned Special Term held, clearly answers the first question in the affirmative. As to question 2, section 43 of the Membership Corporations Law of 1895, and section 63 (Laws of 1909, chap. 40) and its amending section 74 (Laws of 1926, chap. 722, as amd. by Laws of 1932, chap. 408) read successively, indicate (a) that each member or group may vote once for each lot owned in full by him or by it, and (b) that a member owning a lot or lots in full may vote once for each such lot or lots and may also participate as a member of a group owning a lot in choosing a voter for that group. As to question 3, we find neither reason nor authority for setting a limitation date arbitrarily on July 15, 1932, and we deem it advisable to modify the order in this respect. Section 4 of article II of the by-laws, providing that the words " members " and " lot owners " have the same significance, section 52 (now section 90) of the Membership Corporations Law in effect in 1904 and dealing with taxation of cemetery lot owners, the circumstances attending the

incorporation of the cemetery association, its purchase of the property in 1904 from W. H. H. Fenton and the whole history of the conduct and relationships of the people interested in this cemetery, indicate that it was the controlling purpose of all concerned to give all lot owners the privilege of becoming members of the association. The requirement that a certificate be filed by those who became lot owners before the association was organized was not to set a time limit, as we view it, but only to furnish a method of giving formal expression of intention and election and of giving formal advisement to the association.

Subdivisions 1, 2 and 3 of the third ordering paragraph of the order appealed from should be modified in accordance with this memorandum and a provision should be added to the effect that heirs and devisees of lot owners succeed to the property rights of their ancestors and devisors.

As thus modified, the order should be affirmed, with ten dollars costs and disbursements to respondent.

All concur.

Order modified in accordance with the opinion and as modified affirmed, with ten dollars costs and disbursements to the respondent.