LILLIAN KAUFMAN et al., Plaintiffs, *v.* ISRAEL ZION HOSPITAL et al., Defendants.

Supreme Court, Special Term, Kings County, October 20, 1944.

*John F. De Luca* and *William F. Martin* for defendants.

*Mathew Vener* and *Louis Schwartz* for plaintiffs.

DALY, J.   The essence of plaintiffs' complaint is that after the birth of their child at the defendant hospital the attending physician, who is a codefendant herein, and the hospital, by its agents, servants and employees, first represented that the child was of the female sex and a few days later the plaintiffs were told that the child was of the male sex.   Without asserting any claim that the child given to them was not theirs, the plaintiffs seek damages of $25,000 against each defendant, claiming that they " suffered severe physical and mental anguish, feeling that the child given to them is not their own and that in the future they will contine to suffer extreme physical and mental pain and suffering which conditions upon information and belief are of a permanent nature and character."   There are no allegations of special damage or expense incurred as a result of the incident.   But one cause of action is stated and its gravamen is " carelessness, negligence and breach of contract ".

Construing the complaint most liberally in favor of plaintiffs, it is impossible to perceive any breach of any contractual obligation on the part of the defendant hospital, which is now moving to dismiss it for legal insufficiency.   No special contract has been alleged nor any breach of duty thereunder claimed.   Indeed, aside from the use of the term " contract " or " contracted ", there is nothing in the complaint to indicate that the action is *ex contractu*.   No attempt to plead breach of contract has even been made.   At most the action is in tort, and as such is fatally defective for lack of physical injury.   True, the pleader has described the consequences to the plaintiffs of this unfortunate incident as " severe physical and mental anguish."   It is clear, however, that no actual *physical* injury has been claimed.   There may have been purely mental anguish, agony, distress, pain or torment which may have even given rise to physical discomfort or distress, but in either event it is settled by a long line of cases in this State that in the absence of accompanying physical or corporeal injury there can be no recovery for mental suffering or the consequences of such disturbance resulting from a negligent or careless act, as distinguished from one that is willful.

(*Mitchell* v. *Rochester Railway Co.,* 151 N. Y. 107; *Comstock* v. *Wilson,* 257 N. Y. 231; *Curtin* v. *Western Union Telegraph Co.,* 13 App. Div. 253; *Stahl* v. *Necker, Inc.,* 184 App. Div. 85; *Smith* v. *Rector, etc., Trinity Church,* 140 Misc. 301, affd. 234 App. Div. 840.)

In the *Comstock* case (*supra*) the court said, at page 235: ' Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it be the direct result of the careless act.''

Accordingly the motion to dismiss must be granted.