Isidor Wasservogel,
Spec. Ref. This is an action by co-owners of a cemetery plot to compel the removal of certain names placed by defendants on a monument in alleged violation of the directions of the testatrix.
The material facts have been conceded and read into the record. Plaintiffs possess an undivided 6/15th interest in a cemetery plot purchased by their father, one Benjamin Lobel, and his sister and brother, Kate Lobel Kronfeld and Simon Lobel. Benjamin Lobel died testate but made no specific reference to the cemetery plot in his will. His interest therein passed to plaintiffs in this action. Simon Lobel, plaintiffs’ uncle, is still alive and a defendant herein. Kate Lobel Kronfeld, plaintiffs’ aunt, died testate. By her will, which was executed in 1945, she bequeathed $10,000 in trust for the erection of a monument on the cemetery plot, permanent maintenance thereof, and for memorial services for deceased members of the “Lobel family.” It was her specific instruction in the will that the monument bear only the family name “ Lobel.” After the death of Kate Lobel Kronfeld, a monument was erected with the funds bequeathed therefor by this testatrix bearing the inscription “ Lobel-Kronf eld-Markel-Greenberg. ”
Plaintiffs, by their pleadings, objected to all names on the monument other than “ Lobel.” After trial, however, they advised the court that they are willing to have the name Kronfeld also remain on the monument, inasmuch as the proof adduced upon the trial indicated that the addition of such name is in accord with the wishes of the deceased Kate Lobel Kronfeld. Defendant Shientag, as an executor and trustee under the will of the deceased Kate Lobel Kronfeld, denies that he participated in the erection of the monument or in the choice of the inscription thereon. He has categorically stated to the *955 court that the inscription of the additional names here objected to by plaintiffs was placed on the monument without his authority, consent, or approval and contrary to his advice to the other defendants. These defendants contend, however, that plaintiffs, having no interest in the trust created by the Kronfeld will, or in her estate, may not now complain of any alleged breach of said trust or deviation from the terms of the will. They further contend that their right of interment in the cemetery plot necessarily carries with it the right to have their family names inscribed on the monument. In the opinion of the court, both contentions are without merit.
Contrary to defendants’ argument, plaintiffs have a definite interest in the matter before the court, as part owners of the cemetery plot, as the daughters of deceased parents who are interred in the plot and as nieces of the testatrix. In accord with such interest, plaintiffs have the right to see to it that the wishes of said testatrix with respect to the plot and the monument are properly carried out. Subdivision 6 of section 84 of the Membership Corporations Law specifically provides that “ the owners from time to time of the deceased lot owner’s lot, plot or part thereof, shall have in common the possession, care and control of such lot, plot or part thereof.”
Plaintiffs’ rights under this statute are quite independent of any of the rights created by the trust and are enforcible by injunction or otherwise in the discretion of a court of equity (Tonella v. Fishkill Rural Cemetery, 135 Misc. 81, affd. 229 App. Div. 732, affd. 255 N. Y. 617; 14 C. J. S., Cemeteries, § 92 et seq.).
The administration of the trust estate created by the will of the late Kate Lobel Kronfeld, insofar as the erection of a monument is concerned, has been completed. Nothing further remains to be administered in this respect (Matter of Miller, 257 N. Y. 349). Defendants’ argument, therefore, that the Surrogate’s Court is the only proper forum for the disposition of this controversy is specious.
There is nothing in the record to warrant any conclusion other than that the inscription of the names ‘Market ’ ’ and “ Greenberg ” was contrary to the specific intent and wishes of the decedent, as clearly indicated by the will she executed in 1945 and her subsequent provision in the 1952 contract for the purchase of the monument, whereby she also provided for the name “ Kronfeld” to be inscribed thereon. Defendants, never achieved a legal status whereby any of them, individually, or as a united group, could validly approve or disapprove of the testatrix’ specific wishes concerning the inscription on a monu *956 ment for which she alone provided the funds for its purchase, erection and care. In this instance, the grant of a burial privilege to defendants did not confer the right upon them to have their family names or the names of any other persons inscribed on a monument other than the names indicated by the wishes' of the testatrix, Kate Lobel Kronfeld.
The court is aware of the general rule of law that the original purchaser of a cemetery plot acquires two rights, namely, (1) a right of interment and (2) the right to erect suitable monuments and care for the plot. The heirs and devisees of the original owner succeed only to the unused rights of their ancestors or devisors (Matter of Fentonville Cemetery Assn., 238 App. Div. 491; Matter of Rosen, 173 Misc. 433; Smith v. Rector of Trinity Church, 140 Misc. 301). Thus, in the instant action, defendants, as heirs of the testatrix Kate Lobel Kronfeld, succeeded only to the right of interment, inasmuch as she had, by her will, exercised her right to erect a monument and care for the plot. Concededly, in the absence of any cemetery regulation to the contrary, defendants, if and when one of them is interred in this cemetery plot, may provide for the erection of other monuments upon which they may place any inscription of their own choice. This does not, however, detract from the fact that they have no legal rights, either as a majority or minority of the remaining co-owners of the plot, with respect to the monument erected pursuant to the last will and wishes of Kate Lobel Kronfeld. A court of equity cannot, under the circumstances here involved, approve or give validity to the unauthorized inscription on the monument erected pursuant to this will, particularly in advance of interment in the cemetery plot of any person bearing either of the family names objected to by plaintiffs. The names “ Market ” and “ Greenberg ” are, in fact, “ strangers ” to the monument provided for by Kate Lobel Kronfeld and, as such, must be deemed to be an unwarranted and unauthorized “trespass ” upon this property.
Accordingly, judgment is rendered in favor of plaintiffs against the defendant Marked, individually, and as an executrix and trustee under the last will and testament of Kate Lobel Kronfeld, deceased, defendants Greenberg, Simon Lobel, Harold Lobel, and Ranzer, directing that within 60 days from the date of the service upon them of a copy of the decree to be entered herein, together with notice of entry thereof, said defendants remove-or cause to be removed from the monument here involved all inscriptions thereon other than the names ‘ ‘ Lobel-Kronf eld, ’ ’ leaving the said monument in as good a condition and appear *957 anee as now exists. In the event of defendants’ failure to so remove the unauthorized inscription, plaintiffs may cause said work to be done and enter judgment against them for the cost thereof, not to exceed the sum of $1,500.
The complaint is dismissed against defendant Shientag, as executor and trustee under the last will and testament of Kate Lobel Kronfeld, deceased.
Submit decree in accordance with the foregoing within 10 days on three days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.