LAURA M. F. LAKE, Respondent, *v.* FRED F. DYE et al., Appellants.

**Warehousemen — conversion — sale of goods stored for failure to pay storage charges — when discrepancy in date of sale in notice sent and in advertisement of sale immaterial — statement in receipt that goods might be sold without further notice of no effect — when improper for trial judge to hold as matter of law that published notice was insufficient — measure of damages for conversion of household goods.**

1. Where goods stored have been sold for failure to pay storage charges the fact that there was a discrepancy between the date of the sale in the notice sent to the owner and the date of sale in the advertisement, required by section 118 of the General Business Law (Cons. Laws, ch. 20), is immaterial where the owner was not harmed thereby and was not present on either of the dates.

14

2. The fact that the receipt given to the owner contained a provision that if at any time storage charges for twelve or more months were unpaid, the goods stored might be sold to pay the same without further notice, was of no effect in view of the provisions of section 91 of the Warehousemen's Law (General Business Law, art. IX), which provides that the receipt must contain nothing contrary to the provisions of that law. Section 118 provides how a lien may be satisfied and how the notice must be given.

3. It was improper for the trial judge to hold as a matter of law that the published notice which read " A quantity of household goods stored by Mrs. Lake. These goods were stored and held for the account of the above named person," was insufficient. The goods consisted of one hundred and twenty-one items of major and minor household belongings and, considering the nature of the articles and the use to which they had been put, it was a question for the jury to pass upon and to say whether the description was a reasonable and proper one under the law.

4. Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. Where such articles have been converted, the amount of the recovery ought not to be restricted to the price which could be realized by a sale in the market. The owner should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it.

*Lake* v. *Dye*, 190 App. Div. 928, reversed.

(Argued October 18, 1921; decided November 29, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1919, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Irving W. Cole* and *Percival M. White* for appellants. The goods were legally sold and, therefore, not converted by defendants. (*Webb* v. *Downs*, 93 Minn. 457; *Dayton* v.

*Tillon,* 1 Robt. 21; *Baldinger* v. *Levine,* 83 App. Div. 130, 132; *Inden* v. *Sommers,* 61 N. Y. Super. Ct. 177; *Kirby* v. *Clapp,* 15 App. Div. 37; *Smith* v. *Findley,* 34 Kan. 316; *Marquan* v. *Sengfelder,* 24 Oreg. 2; *Slanning* v. *Stiles,* 3 P. Wms. 334; *Lamb* v. *King,* 73 N. H. 400.)   The court committed reversible error in refusing to charge the jury that the measure of damages was the value of the goods at the time of the alleged conversion.   (*McIntyre* v. *Whitney,* 139 App. Div. 557; *Rosenkranz* v. *Jacobowitz,* 50 Misc. Rep. 580; *Soneberg* v. *Levy,* 12 Misc. Rep. 154; *Whelan* v. *Lynch,* 60 N. Y. 469; *Wehle* v. *Haviland,* 69 N. Y. 448; *Turner* v. *State,* 67 App. Div. 395; *Westerfield* v. *Fargo,* 80 Misc. Rep. 47; *Corn Exchange Bank* v. *Peabody,* 111 App. Div. 553; *Mattehews* v. *Coe,* 49 N. Y. 57; *Baker* v. *Drake,* 53 N. Y. 211.)

*Leonard W. Gibbs* for respondent.   The goods were illegally sold and, therefore, converted by defendants. (*Robinson* v. *Wappins,* 68 N. Y. Supp. 815; *Fooks Engine Co.* v. *Greenstein,* 153 N. Y. Supp. 1080; *Gandy* v. *Collins,* 160 App. Div. 529; *Beken* v. *Kingsbury,* 100 N. Y. Supp. 323; *Dawley* v. *Loria,* 173 N. Y. Supp. 468; *Sand* v. *Rosengal,* 40 Misc. Rep. 666.)   The refusal of the court to charge the jury that the measure of damages was the market value of the goods at the time of the conversion was a proper refusal.   (*Ormsby* v. *Vermont C. & M. Co.,* 56 N. Y. 623; *Barnes* v. *Brown,* 130 N. Y. 372; *Parson* v. *Sutton,* 66 N. Y. 92; *Wehle* v. *Haviland,* 69 N. Y. 448; *Parmenter* v. *Fitzpatrick,* 135 N. Y. 192.)

CRANE, J.   On May 29th, 1914, the plaintiff stored in the defendants' warehouse a quantity of household furnishings consisting of 121 items for which she was to pay storage of $4.50 per month.   She gave her name as Mrs. Ira Lake and her future address as 62 Henry street, Toronto, Ontario.   The receipt accepted by her contained a list of the items consisting of beds, stands,

rockers, chairs, cabinets, mattresses, gas range, pictures, paintings, books and the like. For a period of eighteen months the plaintiff failed to pay the storage although numerous bills were sent to her at the address given. The defendant, by registered mail, and in accordance with the provisions of the General Business Law (Cons. Laws, ch. 20), article IX, relating to warehousemen, notified the plaintiff that unless the charges were paid by November 27th her goods would be advertised and sold at public auction on the 15th day of December, 1915. Not hearing from the plaintiff the defendants sent a second notice on December 17th, 1915, to the like effect, notifying her of a sale on January 17th, unless the charges were paid. Thereafter the defendants advertised a sale for January 20th in accordance with section 118 of the said law and sold on that day to the highest bidder. The fact that there was a discrepancy between the date of the sale in the notice and the date of sale in the advertisement was immaterial in view of the failure of the plaintiff to be harmed thereby or be present on either of the dates. Thereafter the plaintiff brought this action for conversion claiming that the warehousemen had failed to comply with the law.

The fact that the receipt given to the plaintiff contained a provision that if at any time storage charges for twelve or more months were unpaid, the goods stored might be sold to pay the same without further notice, was of no effect in view of the provisions of section 91 of the Warehousemen's Law (General Business Law), which provides that the receipt must contain nothing contrary to the provisions of that law. Section 118 provides how a lien may be satisfied and how the notice must be given.

The trial justice ruled that all the provisions of the law had been complied with by the defendants with the exception of one and that was regarding the notice published in the newspapers. Section 118, subd. d, says:

" An advertisement of the sale, describing the goods to be sold, and stating the name of the owner or person on whose account the goods are held, and the time and place of the sale, shall be published once a week for two consecutive weeks in a newspaper published in the place where such sale is to be held."

The notice in this case read: " A quantity of household goods stored by Mrs. Ira Lake. These goods were stored by and held for the account of the above named person."

The judge, holding that this description did not comply with the law, charged that there had been a conversion and that the jury were to give the plaintiff the value of the goods, which the jury found to be the sum of $1,400.

We think, in this case, it was improper for the judge to hold as a matter of law that this description was insufficient. We do not say as a matter of law that it was sufficient, but considering the long list of one hundred and twenty-one items of major and minor household belongings, it is quite natural to ask how could they be otherwise described except by detailing each of the one hundred and twenty-one items. To require this would be unreasonable and cause an unnecessary expense. Considering, however, the nature of the articles as described by the plaintiff, the use to which they had been put, it was a question, we think, for the jury to pass upon and to say whether, the description as " a quantity of household goods stored by Mrs. Ira Lake " was a reasonable and proper description under the law. Was this such a description as would ordinarily give to prospective purchasers or buyers a fair indication of what was to be sold? For this reason we think the judgment must be reversed and a new trial had.

Objection was made to the court's refusal to charge as follows: " Your Honor, just a suggestion and a request, that the measure of damages is the market value of the goods at the time they were sold by the storage

company; that that is the measure of damages which the jury must determine."

The court had charged repeatedly that the plaintiff must prove the value of the goods, but had not confined value to market value. We do not say that this was error in view of all the statements in the charge, but as there must be a new trial we call attention to some exceptions to the market value rule.

Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. Where such articles have been converted, the amount of the recovery ought not to be restricted to the price which could be realized by a sale in the market. The owner should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it. (*Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198; *Green* v. *Boston & Lowell R. R. Co.*, 128 Mass. 221; Sedgwick on Damages [9th ed.], vol. 1, p. 504, §§ 250, 251; Sutherland on Damages [4th ed.], vol. 1, §§ 1109–1117.)

The judgment should be reversed, and new trial granted, costs to abide the event.

HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur; HISCOCK, Ch. J., concurs in result.

Judgment reversed, etc.