David M. Twersky, Respondent, *v.* The Pennsylvania Railroad Company, Appellant.

Supreme Court, Appellate Term, First Department, July 3, 1934.

*O'Brien, Boardman, Hewitt, Memhard & Early* [*Louis C. Haggerty* and *Peter Keber* of counsel], for the appellant.

*Otto A. Samuels*, for the respondent.

PER CURIAM. The court properly charged the jury that if they believed the testimony of the plaintiff, the scroll was a proper item of baggage. He also properly left to the jury the question as to whether or not the manuscript, under the particular circumstances, was to be considered as baggage. He erred, however, in allowing the jury to consider the sentimental value of the scroll and the manuscript, if they had no actual market value, in arriving at the amount of the damage. Where " articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them," the proper rule of damages for their conversion or loss is that laid down in *Lake* v. *Dye* (232 N. Y. 209, 214) as follows: " The owner should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it." (See, also, *Valentino* v. *Nasio Studio, Inc.*, 136 Misc. 826.)

Judgment modified by striking therefrom the items and amount of plaintiff's recovery, and case remitted to court below for the assessment of plaintiff's damages by court and jury.

All concur; present, CALLAHAN, FRANKENTHALER and SHIEN-TAG, JJ.