JOSEPH A. FURLAN, Plaintiff, *v.* RAYAN PHOTO WORKS, INC., and Another, Defendants.

Municipal Court of New York, Borough of Queens, Third District, June 9, 1939.

*Peter C. Giambalvo*, for the plaintiff.

*Joseph Prager*, for the defendants.

PETTE, J. Plaintiff seeks to recover damages for injury to a rare photograph of his deceased mother alleged to have been damaged by the defendants who were intrusted with it for the purposes of reproduction.

The individual defendant is a pharmacist who took the order for the enlargement of the photograph by the corporate defendant. The photographic work was done for a stated consideration. When the original picture was returned, plaintiff claims that it had been stained, cracked and otherwise disfigured. By reason thereof, plaintiff claims that he was caused to suffer physical and mental anguish.

Ordinarily, where property is wrongfully damaged through the defendant's negligent acts, the measure of recovery is a just indemnity to the owner for the loss which is the natural, reasonable and proximate result of the act complained of. To arrive at this loss, where the property has a special value to the owner as distinguished from what it can be sold for, an allowance on the former basis must be made. (*Starkey* v. *Kelly*, 50 N. Y. 676; *Fairfax* v. *New York Central & H. R. R. R. Co.*, 73 id. 167; *Lake* v. *Dye*, 232 id. 209; *Shanfield* v. *Feiman*, 187 N. Y. Supp. 266.)

This rule is frequently applied as regards wearing apparel, and household furnishings, which have a special value to the owner, as distinguished from their value for sale as old clothing or household

furnishings. It is not limited, however, to the above class of property, but is also applied in the case of machinery used in a manufacturing plant which has a special value to the owner for use in his business as distinguished from its value for resale as second-hand machinery (*Howard* v. *McDonough*, 8 Daly, 365; affd., 77 N. Y. 592), table linens and the like. (*Shanfield* v. *Feiman*, 187 N. Y. Supp. 266.) Thus in the case of clothing, the measure of damages was held to be, " The value of the clothing for use by the plaintiff. No other rule would give him compensation for his damages. This rule must be adopted, because such clothing cannot be said to have a market price, and it would not sell for what it was really worth." (*Fairfax* v. *New York Central & H. R. R. R. Co.*, 73 N. Y. 167, 172.)

More recently, in *Lake* v. *Dye* (232 N. Y. 209), the Court of Appeals held, " Wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner, and of his loss by being deprived of them."

But this rule of damages was extended no further, the court holding therein (*Lake* v. *Dye, supra*) that the recovery could not include, " however, any sentimental or fanciful value he may for any reason place upon it." (*Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198; 61 A. 363; 3 Ann. Cas. 889; *Green* v. *Boston & L. R. Co.*, 128 Mass. 221; 1 Sedgwick on Damages [9th ed.], p. 504, §§ 250, 251; 4 Sutherland on Damages [4th ed.], §§ 1109–1117.)

As a basis for estimating the value in such cases, the cost price of the property may be shown and its condition as affected by the use it has received, a due allowance being given for deterioration. (*Simpson* v. *New York, N. H. & H. R. R. Co.*, 16 Misc. 613, 341; *Cohen* v. *Century Restaurant Co.*, 191 N. Y. Supp. 379; *Jones* v. *Morgan*, 90 N. Y. 11.)

However, the facts presented in the instant case are different in several respects. Plaintiff's rare photograph of his deceased mother is an article which has sentimental value principally, or *pretium affectionis*. (2 Sedgwick on Damages [7th ed.], 370; cited by McADAM, J., in *May* v. *Georger*, 21 Misc. 622, 626.) One can easily understand and sympathize with plaintiff's emotions as a result of the partial mutilation of his deceased mother's only picture. No greater feelings exist than those between mother and child. Through all ages, the greatest reverence has been exhibited towards mothers in painting and other arts. Thus, the portrait of " Mother " by Whistler, has achieved worldwide fame, being commonly used in advertising " Mother's Day."

But, unfortunately, that is the realm of sentiment, and not of law with its practical viewpoint, based upon substantive and procedural requisites.

The prevailing view is that the law does not recognize or make allowance for a purely sentimental value which the property may have. (*Lake* v. *Dye, supra.*) This view has also been upheld in other jurisdictions. (*Missouri, K. & T. R. Co.* v. *Dement,* [Tex. Civ. App.] 115 S. W. 635, loss of family portraits and Bible containing family records.) Similarly, in fixing compensation for land taken by eminent domain, no allowance may be made for any sentimental value which the property may have to the owner. (*Matter of Commissioners of State Reservation,* 16 Abb. N. C. 395; 37 Hun, 537.)

There is no basis for awarding damages for plaintiff's alleged "physical and mental anguish" caused by the negligent mutilation of his mother's picture. An injury to a person's feeling, independently and alone, apart from corporal or personal injury, is not in any legitimate or juridical sense a natural and proximate consequence of the negligent act. It may be the natural and proximate consequence of a physical injury. (*Curtin* v. *Western Union Telegraph Co.,* 13 App. Div. 253, 256.) *There,* it may be interwoven with the corporal injury, which is definite and certain, and it can be measured as a part and parcel of the totality of physical suffering.

"An injury to the feelings, independently and alone, is something too vague to enter into the domain of pecuniary damages; too elusive to be left, in assessing compensation therefor, to the discretion of a jury. The extent and intensity of such injuries depend largely upon individual temperament and physical, mental and nervous conditions. These conditions are shadowy, unequal and uncertain in the extreme. When they exist, in connection with physical injuries, they can be examined and tested. Existing alone and independently, they are easily simulated and the simulation is hard to detect. * * * There is no certain means whereby such mental pain can be fairly and accurately compensated." (*Curtin* v. *Western Union Telegraph Co., supra; Stahl* v. *Necker,* 184 App. Div. 85; *Smith* v. *Rector of Trinity Church,* 140 Misc. 301.)

It has also been held that mental suffering resulting from a breach of contract is not a subject of compensation. (*Boyce* v. *Greeley Square Hotel Co.,* 228 N. Y. 106, 111.)

By reason of the foregoing, this court feels constrained to limit plaintiff's recovery to nominal damages only in the sum of five dollars.