BENJAMIN GOOR, Plaintiff, *v.* JOSEPH NAVILIO, Defendant.

Municipal Court of New York, Borough of Queens, Fourth District, December 5, 1941.

*Jacques Schurre,* for the plaintiff.

*Morris Schonbrun,* for the defendant.

O'ROURKE, J. Plaintiff seeks to recover damages for injury to a roll of film conceded to have been damaged while in the possession of the defendant, who was intrusted with it for the purposes of processing.

The issues have been submitted to this court upon an agreed statement of facts, which are as follows:

Plaintiff purchased one hundred feet of black and white film from the defendant and took the same with him to Florida, where he went for a vacation with his wife and two children. While there, he used the film, taking pictures of his family. Upon returning to New York, he delivered the film to the defendant for develop-

ing and printing and it is conceded that the same was ruined in the course of processing. By reason thereof, plaintiff instituted this action for breach of the contract of bailment and seeks to recover $141, representing the alleged cost of fares to Florida and Washington, D. C., and hotel expense in order to replace the film with the Florida background.

The defense herein of limited liability is based upon the printed clause set forth upon the outer wrapping of the film which reads: " The film in this carton has been made with great care and will be processed in our laboratory without additional charge. If we find this film to have been defective in manufacture *or to have been damaged in our laboratory we will replace it, but we assume no other responsibility, either expressed or implied.*"

The above clause appears quite legibly, and is unambiguous in its language.

The general rule is that, where property is wrongfully damaged through the defendant's negligent acts, the measure of recovery is a just indemnity to the owner for the loss which is the natural, reasonable and proximate result of the act complained of. To arrive at this loss, where the property has a special value to the owner as distinguished from what it can be sold for, an allowance on the former basis must be made. (*Starkey* v. *Kelly*, 50 N. Y. 676.)

In *Lake* v. *Dye* (232 N. Y. 209) the Court of Appeals, in propounding the rule of damages, held: " Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a fair market value, or at least a market value which is fairly indicative of their real value to their owner, and of his loss by being deprived of them."

This rule of damages, however, was extended no further, the court holding therein that the recovery could not include " any sentimental or fanciful value he may for any reason place upon it." (*Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198; 61 A. 363; 3 Am. & Eng. Ann. Cas. 889.) As a basis of estimating the value in such cases, the cost price of the property may be shown and its condition as affected by the use it received, a due allowance being given for deterioration. (*Simpson* v. *New York, N. H. & H. R. R. Co.*, 16 Misc. 613; *Jones* v. *Morgan*, 90 N. Y. 4, 11.)

However, the facts presented in the instant case are different in several respects.

To begin with, the contractual relationship between plaintiff and defendant was conditioned by the printed clause of limited liability heretofore cited. Then again, it was conceded that the taking of pictures was a mere side issue; the purpose of the trip was a vacation in Florida.

The prevailing view is that the law does not recognize or make allowance for a purely sentimental value which the property may have. (*Lake* v. *Dye, supra.* Cf. *Boyce* v. *Greely Square Hotel Co.,* 228 N. Y. 106, 111.)

"An injury to the feelings, independently and alone, is something too vague to enter into the domain of pecuniary damages; too elusive to be left, in assessing compensation therefor, to the discretion of a jury. The extent and intensity of such injuries depend largely upon individual temperament and physical, mental and nervous conditions." (*Curtin* v. *Western Union Telegraph Co.,* 13 App. Div. 253, 256.)

Even assuming that the defendant was negligent in processing the film, the fact remains that his liability in damages is governed by the inscription upon the carton upon the original purchase thereof.

The cases cited by the plaintiff (*Healy* v. *New York Central & H. R. R. R. Co.,* 153 App. Div. 516; *Galowitz* v. *Magner,* 208 id. 6) are not in point upon the present issue and can be readily distinguished upon the law and facts. The court in those cases indicates that there was fine print involved which was not called to the attention of the plaintiff therein, and that he had no reasonable opportunity to read it. In the instant case the contrary situation is presented because the printed clause is quite legible; it is clear, concise and conspicuous.

The case of *Stewart* v. *Stone* (127 N. Y. 500), also cited by the plaintiff, is likewise unfavorable to his contentions as to the pertinent law herein. Reference is had to page 507 thereof, wherein the Court of Appeals clearly supports the defendant's contention as to limited liability based upon special stipulations.

" It is true that where an absolute executory contract is made, the contractor is not excused by inability to execute it caused by unforeseen accident or misfortune, but must perform or pay damages *unless he has protected himself against such contingency by stipulation in the contract.* (*Harmony* v. *Bingham,* 12 N. Y. 99; *Tompkins* v. *Dudley,* 25 id. 272; *Wheeler* v. *Conn. Mut. Life Ins. Co.,* 82 id. 543.) " (Italics supplied.)

Perhaps additional consideration would be given the plaintiff-purchaser herein if he were illiterate, or blind, or ignorant of the alien language of the printed clause on the carton, or were the contents thereof misread or misrepresented to him by the defendant; (*Pimpinello* v. *Swift & Co., Inc.,* 253 N. Y. 159; *Smith* v. *Ryan,* 191 id. 452; *Whipple* v. *Brown Bros. Co.,* 225 id. 237); but in the absence of such proof, this court feels constrained to limit plaintiff's recovery to nominal damages only in the sum equivalent to the replacement cost of a new film.