Maurice Wahl, J.
This is a motion to vacate and set aside the judgment heretofore entered after a hearing before an Arbitrator of the Municipal Court, Small Claims Part, on the *487 ground that the Arbitrator, in making a decision, did so without any foundation in fact or law and that he was capricious and arbitrary in his determination. These allegations are made by an attorney who has had much experience in court practice.
At the outset, it must be emphasized that both the plaintiff and the movant, by an attorney, consented in writing to submit the controversy between the parties herein to an Arbitrator pursuant to the Municipal Court Code and the signatories to this consent agreed to be bound by the Arbitrator’s decision. The controversy involved the loss of a suit by the defendant, a pawnbroker.
In limine, this motion is improper because unless there is proof of fraud, overreaching, misbehavior or some dishonest act on the part of the Arbitrator, the consent is binding upon both parties. However, this court was not satisfied with the mere determination based upon well-established principles. (See Mun. Ct. Rules on Arbitration; Lebins v. Bucholtz, 208 Misc. 597, affd. 2 A D 2d 351; Liberman v. American Lumbermans Mut. Cas. Co., 203 Misc. 816.) An independent investigation was made into the facts of this controversy, and it was ascertained that at the time of the hearing, no witnesses appeared on behalf of the defendant. The plaintiff testified that he had purchased the suit for the sum of $81.89 and that after wearing it once or twice, he pawned such item of clothing with the defendant. Upon seeking its redemption, he was informed that the item had been lost. The statement in the affidavit was that the suit had been worn a number of times. The Arbitrator found for the claimant. I interrogated the Arbitrator, Murray A. Gordon, Esq., and I found him to be a person of intelligence and understanding, with extensive experience as an arbitrator. The decision was entirely justified on the facts, and under these circumstances, the plaintiff is entitled to the recovery of the full value of the item of clothing, substantiated by the following authorities which are appended hereto, for the enlightenment of the attorney for the movant.
The intimations as to the inability of the Arbitrator to act properly are totally unfounded, and to my view he was neither capricious nor arbitrary, but deserves the commendation not only of the Justices of the Municipal Court for his invaluable assistance but also that of the attorney who made this unnecessary motion.
Therefore, this motion in denied. The consent by both parties waived any rights that either may have had, and, in addition thereto, the facts indicate the decision made by the Arbitrator is eminently just and fair.
*488 APPENDIX “ Thus in the case of clothing, the measure of damages was held to be, 'the value of the clothing for use by the plaintiff. No other rule would give him a compensation for his damages. This rule must be adopted, because such clothing cannot be said to have a market price, and it would not sell for what it was really worth.’ (Fairfax v. New York Central & H. R. R. R. Co., 73 N. Y. 167, 172.) “ More recently, in Lake v. Bye (232 N. Y. 209), the Court of Appeals held, ‘ Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense he said to he marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner, and of his loss by being deprived of them.’ “But this rule of damages was extended no further, the court holding therein (Lake v. Bye, supra) that the recovery could not include, ‘ however, any sentimental or fanciful value he may for any reason place upon it.’” (Furlan v. Rayan Photo Works, 171 Misc. 839, 840.) “ The law of damages distinguishes between marketable chattels possessed for purposes of sale and chattels possessed for the comfort and well-being of their owner. In the instance of the former it judges their value by the market price. In the instance of the latter it measures their loss, not by their value in a second-hand market, but by the value of their use to the owner who suffers from their deprivation. The latter measure is employed in the case of household furniture, family records, wearing apparel, personal effects and family portraits.” (McAnarney v. Newark Fire Ins. Co., 247 N. Y. 176, 185.) _ “Wearing apparel in use and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. Where such articles have been converted, the amount of the recovery ought not to be restricted to the price which could be realized by a sale in the market. The owner should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it. (Barker v. Lewis Storage & Transfer Co., 78 Conn. 198; Green v. Boston & Lowell R. R. Co., 128 Mass. 221; Sedgwick on Damages [9th ed.], vol. 1, p. 504, §§ 250, 251; Sutherland on Damages [4th ed.], vol. 1, §§ 1109-1117.) ” (Lake v. Dye, 232 N. Y. 209, 214.) “ Fourth. The court did not err in charging the jury that the plaintiff was entitled to recover the full value of the clothing for use to him, in New York, and not merely what it could be sold for in money. The clothing was made to fit plaintiff, and had been partly worn. It would sell for but little, if put into market to be sold for second-hand clothing, and it would be a wholly inadequate and unjust rule of compensation to give plaintiff, in such a case, the value of the clothing thus ascertained. The rule must be the value of the clothing for use by the plaintiff. No other rule would give him a compensation for his damages. This rule must be adopted, because such clothing cannot be said to have a market-price, and it would not sell for what it was really worth.” (Fairfax v. New York Central & H. R. R. R. Co., 73 N. Y. 167, 172.)