OPINION OF THE COURT
Bernard Fuchs, J.
Plaintiff is a school teacher who flew with defendant on vacation from New York City to San Francisco and checked her bags for the flight. The bags never arrived. She sues for their value and for damages incident to the baggage loss.
At trial, which was to the court, there was no serious contest of liability. As a common carrier defendant bears an insurer’s responsibility for the loss. (7 NY Jur, Carriers, § 434.) Defendant’s principal reliance was placed on the tariff which limits its liability for lost baggage in most cases to $750. (Local and Joint Passenger Rules Tariff P. R.6, C. A. B. No. 142, rule 370.)
The tariff itself sets forth the following exception to its *545 limitation of liability: "The above maximum liability shall be waived for an individual claimant where it can be shown that with respect to that claimant the carrier failed to provide notice of limited liability for baggage in accordance with section 221.176 of the Civil Aeronautics Board’s Economic Regulations.”
The clear policy of the C. A. B.’s Economic Regulations at section 221.176 is to require conspicuous display of the limited liability notice. They specify the size of type and language of the notice and require it to be posted on signs.
A notice of limited liability for baggage is printed on the sixth page of plaintiffs six-page ticket. That page, measuring three and one-quarter inches vertically by seven and three-eighths inches horizontally is dense from edge to edge (no margins) with 24 lines of material.
Three of those lines are distinct from the rest in capital letters of bold faced type. One of the bold faced lines is centered at the top and reads "advice to international PASSENGERS ON LIMITATION OF LIABILITY”. About two and One-quarter inches down the page, in similar type at the end of the first of only two paragraphs, appear the words "see CONDITIONS OF CONTRACT ON REVERSE SIDE OF PASSENGER COUPON”. The latter statement ends near the right edge and is followed, in the same lettering, by a line directly under and appearing to continue as part of it reading "notice of baggage LIABILITY LIMITATIONS”.
Any reasonable person, let alone a harried tourist, would conclude that the described page, under its top line, applies solely to international passengers. The format is perfectly calculated to obscure from a domestic traveler’s view the presence there of an applicable limit of baggage loss liability. Even the second paragraph where the loss limitation finally appears applies only to international travel until the domestic passenger’s eye, if it persists through the upper mass of irrelevant material, falls at last on the fourth of its six lines.
A notice so elusive cannot fulfill the office provided for it in the tariff. In order to succeed, defendant’s communication must be positioned and identified so as to penetrate the traveling public’s reasonably focused consciousness. Instead, defendant has set before the traveler a morsel of nourishment hidden in a banquet of dust. Authority and principle combine to deny it effect.
In Lisi v Alitalia — Linee Aeree Italiane (370 F2d 508, affd *546 390 US 455, reh den 391 US 929) limited liability under the Warsaw Convention for wrongful death and personal injuries was disallowed because defendant’s notice of the limitation (in tickets and baggage checks) was printed too small to notify passengers adequately. Our own Court of Appeals reached the same conclusion in Egan v Kollsman Instrument Corp. (21 NY2d 160, cert den 390 US 1039) again because the carrier had failed to provide "conspicuous notice” of its limited liability. The rationale of those decisions, equally applicable in the present case, is that an inadequately communicated notice cannot alert a passenger to seek alternate protection such as insurance coverage.
Failure to deliver (or timely to deliver) a ticket bearing notice of limited liability is equally fatal to a carrier’s defense against death claims exceeding the Warsaw Convention ceiling and for the same reason. (Mertens v Flying Tiger Line, 341 F2d 851, cert den 382 US 816; Warren v Flying Tiger Line, 352 F2d 494.) Nothing in Martin v Trans-World Airlines (219 Pa Super Ct 42) limits the application of those authorities in the present case. As a seasoned traveler using terminals posted with conspicuous signs, that plaintiff was or should have been aware of the liability limitation notwithstanding an obscure notice on the ticket and baggage check.
Defendant’s memorandum of law is, in the main, wide of the mark. Except for Turoff v Eastern Airlines (129 F Supp 3Í9) no case cited there deals with a carrier’s inadequate notice to the passenger. And Turoff (supra) itself denied effect to a tariff’s limitation of time for commencement of plaintiff’s action because defendant had not given notice of the tariff’s provisions.
Plaintiff testified to the loss of a long list of clothing and personal items both new and used which she had packed for use in the climates of California, Washington and Alaska .(not a flight destination) over a five-week period. Her claimed cost of those items and of one new suitcase is in evidence. In the court’s judgment the proven value of the lost goods was $1,869. (See Lake v Dye, 232 NY 209; 7B Warren, Negligence, ch 16, Personal Property, § 1.05.) Plaintiff should also recover $80 spent over four days in San Francisco traveling repeatedly to the airport in search of her baggage.
Defendant has already paid its claimed maximum liability of $750. Accordingly, plaintiff is granted judgment in the net *547 amount of $1,199, with interest from the date of loss, July 31, 1978, and costs of the action.