JEFFREY DRALLE, a Minor by his Mother and Next Friend, Karen Dralle *et al.*, Plaintiffs-Appellants, v. BERNARD RUDER *et al.*, Defendants, (Merrell-Dow Pharmaceutical, Inc., *et al.*, Defendants-Appellees).

First District (4th Division)   No. 86—0622

Opinion filed October 23, 1986.

Louis Hilfman, Ltd., of Chicago (Robert L. Fogel, of counsel), for appellants.

Rooks, Pitts & Poust, of Chicago (Douglas P. Roller, Marc D. Ginsberg, and Clifford E. Berman, of counsel), for appellees.

PRESIDING JUSTICE LINN delivered the opinion of the court:
Plaintiffs, Jeffrey Dralle, a minor, by Karen Dralle, his mother and next friend, and Karen and Gregory Dralle individually, brought an action premised upon strict liability and negligence to recover for personal injuries sustained by Jeffrey. Count IV of the complaint sought recovery on behalf of Gregory and Karen Dralle for the loss of society and companionship of their son against defendants, Merrell-Dow Pharmaceutical, Inc., Merrell-National Laboratories, Inc., and Richardson-Merrell, Inc. Plaintiffs appeal from an order of the circuit court dismissing count IV for failure to state a cause of action upon which relief can be granted. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The issue presented for our review (87 Ill. 2d R. 304(a)) is whether Illinois recognizes a cause of action for parents' loss of society and companionship resulting from a nonfatal injury to their minor child.

BACKGROUND:
Plaintiffs filed a four-count complaint to recover damages for birth defects to their minor child, Jeffrey Dralle, against two physicians, a medical center, and the defendants. Count IV of the com-

plaint alleged the prescription drug, Bendectin, manufactured and distributed by the defendants and prescribed to Karen Dralle during her pregnancy with her minor son, Jeffrey Dralle, caused him to be born deformed and with brain damage. As a result thereof plaintiffs sought damages for the prospective diminution of their child's society. Defendants filed a motion to strike and dismiss count IV of the plaintiff's complaint, and the circuit court entered an order dismissing count IV for failure to state a cause of action upon which relief could be granted.

Plaintiffs contend that Illinois recognizes a cause of action for a parent's loss of society and companionship of a nonfatally injured minor child. Conversely, defendants maintain that recognition of this cause of action is against the weight of the common law and is a legislative function.

OPINION

In recent years Illinois courts have expanded recognition of a family member's interest and legal right to protect the family relationship. (See *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228; *Elliott v. Willis* (1982), 92 Ill. 2d 530, 442 N.E.2d 163; *Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 469 N.E.2d 659.) In 1984 the Illinois Supreme Court expanded the scope of recovery under the wrongful-death statute to include damages for a parent's loss of society of a minor child. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228.) Subsequently, the Illinois Appellate Court, relying extensively on *Bullard*, recognized a parent's cause of action for the loss of society and companionship of a nonfatally injured minor child. *Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 469 N.E.2d 659.

In *Dymek* plaintiff, a divorcee, instituted an action alleging defendants, the plaintiff's former wife, who had custody of their minor son, and a psychiatrist, conspired to brainwash the child and thereby to destroy his society and companionship toward the plaintiff. Permitting plaintiff to maintain his cause of action, the court, quoting from *Bullard*, held that " 'parents are *entitled* to a presumption of pecuniary injury in the loss of a child's society.' " (Emphasis in original.) (*Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 867, 469 N.E.2d 659.) Defendants here contend that *Dymek* is premised upon a faulty interpretation of *Bullard* and therefore should not be followed by this court. Alternatively, defendants argue that, to the extent *Dymek* is adopted, it should be strictly limited to its facts.

The *Bullard* decision specifically addressed the scope of the term "pecuniary injury" as set forth in the wrongful-death statute (Ill. Rev.

Stat. 1985, ch. 70, par. 2). Recognizing the parents' cause of action for the loss of society of their minor son, the court acknowledged that the early common law rule allowing parents to recover only the loss of the child's income did not accurately reflect contemporary conditions. The court found "the chief value of children to their parents [today] is the intangible benefits they provide in the form of comfort, counsel and society." (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 516-17.) Extending this rationale, the *Dymek* court concluded that it would be anomalous to deny the parents of a nonfatally injured minor child a cause of action for loss of society and companionship.

We recognize the intangible nature of the parents' loss and the difficulty in assessing damages in this type of action (*Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148); however, the *Dymek* rationale is sound and should be applied to the instant case to permit plaintiffs to maintain a cause of action for the loss or diminution of their son's society. Denying plaintiffs a cause of action in the instant case would be inconsistent with the dictates of *Dymek* and *Bullard*.

Defendants next contend that *Dymek* is an exception to the common law rule and should be strictly limited to its facts. In *Dymek* a minor child allegedly received unnecessary and damaging psychiatric treatment, whereas in the present action the plaintiffs' minor son suffered severe brain damage and deformity, allegedly the result of his mother's ingestion of the prescription drug Bendectin. Accepting the facts properly pleaded in count IV as true, the minor child in this case, like the child in *Dymek*, suffered severe but nonfatal injuries. The plaintiffs in this case, like the parents of the child *Dymek*, would suffer a diminution in the companionship and society of their minor child.

Defendants attempt to distinguish *Dymek* and the instant case by the type of injury suffered and the underlying culpability of the defendants. Although the cause of action in *Dymek* was premised upon an intentional act and the underlying cause of action in the case at bar is premised upon strict liability, the rationale of *Bullard* and *Dymek* set forth above remains persuasive. Allowing the parents to maintain an action for the loss of society of a minor child in *Bullard* and *Dymek* and denying plaintiffs' cause of action in the instant case would be anomalous.

Attempting to further support their position, defendants cite cases from jurisdictions which have considered the issue and have declined to recognize such a cause of action. (*Lobianco v. Valley Forge Military Academy* (E.D. Pa. 1963), 224 F. Supp. 395; *Smith v. Richardson* (1965), 277 Ala. 389, 171 So. 2d 96; *Butler v. Crestman*

(Miss. 1972), 264 So. 2d 812; *Brennan v. Biber* (1966), 93 N.J. Super. 351, 225 A.2d 742, *aff'd* (1968), 99 N.J. Super. 247, 239 A.2d 261.) However, defendants fail to make reference to the jurisdictions which have more recently considered this issue and have determined that parents are entitled to recovery for the loss of a child's society and companionship resulting from a nonfatal injury. *Drayton v. Jiffee Chemical Corp.* (N.D. Ohio 1975), 395 F. Supp. 1081 (applying Ohio law); *Giese v. Montgomery Ward, Inc.* (1983), 111 Wisc. 2d 392, 331 N.W.2d 585; *Korth v. American Family Insurance Co.* (1983), 115 Wisc. 2d 326, 340 N.W.2d 494.

Accordingly, the order of the circuit court is reversed and cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

JOHNSON and McMORROW, JJ., concur.