JOSEPH F. JANKOSKI *et al.*, Plaintiffs-Appellants, v. PREISER ANIMAL HOSPITAL, LTD., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 86—3045

Opinion filed June 25, 1987.—Rehearing denied July 23, 1987.

Bradley B. Falkof, of Griffin & Fadden, Ltd., of Chicago, for appellants.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiffs, Joseph F. Jankoski and Anita M. Jankoski, brought this action alleging that the negligence of the defendants, Preiser Animal Hospital, Ltd., and two veterinarians employed by the hospital, caused the death of the plaintiffs' pet dog. The plaintiffs sought to recover damages for the loss of companionship they experienced as the result of the dog's death. On motion of the defendants, the trial court dismissed the complaint for failure to state a cause of action and the plaintiffs appealed. The question before us is whether Illinois recognizes an independent cause of action for loss of companionship resulting from the negligently caused death of a dog.

The plaintiffs allege in their complaint that on January 31, 1985, they took their pet German shepherd dog to the hospital for diagnostic treatment. During the course of the examination, the veterinarians ad-

ministered anesthesia to the dog and it died. The plaintiffs allege that the defendants were negligent in failing to properly administer the anesthesia and in failing to properly monitor the condition of the dog. The complaint states that as a result of this negligence, the plaintiffs have been deprived of the "companionship, loyalty, security and friendship" of the dog. Prior to granting the defendants' motion to dismiss the complaint, the trial court stated that it would allow the plaintiffs to amend the complaint to state a cause of action for property damage. However, the plaintiffs declined to do so on the basis that the dog had no value as property. The court then dismissed the complaint with prejudice and this appeal followed.

The plaintiffs characterize their complaint as an action to recover damages for the loss of the dog's companionship. They acknowledge that the Illinois cases involving the loss of a dog stated claims for only the commercial or market value of the dog, a claim which the plaintiffs expressly disavow. See *Spray v. Ammerman* (1872), 66 Ill. 309; *Demeo v. Manville* (1979), 68 Ill. App. 3d 843, 386 N.E.2d 917.

In Illinois, loss of companionship has been recognized as an element of damages in cases brought under the Wrongful Death Act. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228.) In *Bullard,* the Illinois Supreme Court reviewed the history of the Wrongful Death Act in reaching the conclusion that a parent may recover for the loss of a child's society or companionship. Very recently, this court relied upon the reasoning of *Bullard* to allow a parent, in a negligence action, to recover for the loss of companionship of a nonfatally injured child. *Dralle v. Ruder* (1986), 148 Ill. App. 3d 961, 500 N.E.2d 514, *leave to appeal allowed* (1987), 113 Ill. 2d 573.

In its discussion of loss of companionship, the *Bullard* court stated that recovery does not include damages of mental anguish. (*Bullard v. Barnes* (1984), 102 Ill. 2d 505, 514-15, 468 N.E.2d 1228, 1233.) This serves to distinguish the cause of action for loss of companionship from the line of Illinois cases which have recognized a cause of action for emotional distress. The first in this line of cases was *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157, in which the Illinois Supreme Court allowed the plaintiff to recover damages for mental anguish resulting from intentional acts calculated to cause severe emotional distress. More recently, the court recognized a cause of action for negligently inflicted emotional distress, but limited it to cases in which the plaintiff could prove both that he was within a "zone of physical danger" causing him to fear for his own safety and that he suffered physical injury or illness as a result of the emotional distress. (*Rickey v. Chicago Transit Authority* (1983), 98 Ill. 2d 546, 457 N.E.2d 1.) It ap-

pears clear that while Illinois recognizes an action for emotional distress, the action is severely circumscribed. As previously stated, the plaintiffs in the case at bar are not seeking damages for emotional distress, but rather for the type of loss of companionship recognized in *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, and *Dralle v. Ruder* (1986), 148 Ill. App. 3d 961, 500 N.E.2d 514, *leave to appeal allowed* (1987), 113 Ill. 2d 573.

■ However, regardless of whether plaintiffs characterize their cause of action as one for loss of companionship or emotional distress, a reading of the cases in both areas of law reveal that they are readily distinguishable from the case at bar in one very important respect. They involve human beings, not dogs. In the eyes of the law, a dog is an item of personal property. (*Thiele v. City and County of Denver* (1957), 135 Colo. 442, 312 P.2d 786; *Smith v. Costello* (1955), 77 Idaho 205, 290 P.2d 742.) The ordinary measure of damages for personal property is the fair market value at the time of the loss. (*Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1025, 327 N.E.2d 346, 355.) The courts have recognized, however, that there are a number of items of personal property that have no market value. Included in this group are such items as heirlooms, photographs, trophies and pets. (See D. Dobbs, Remedies sec. 5.12, at 396-98 (1973); C. McCormick, Damages sec. 45, at 170 (1935).) In *Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 1025, 327 N.E.2d 346, 355, the court stated that where property is not the ordinary subject of commerce or is otherwise unique, damages are not restricted to nominal damages; rather, damages must be ascertained in some rational way from such elements as are attainable. The court there espoused the rule that the proper basis for assessing compensatory damages in such a case is to determine the item's "actual value to [the] plaintiff" and stated that the plaintiff is "entitled to demonstrate its value to him by such proof as the circumstances admit." (27 Ill. App. 3d 1013, 1026, 327 N.E.2d 346, 355.) This rule has been espoused in other jurisdictions as well. See *Furlan v. Rayan Photo Works, Inc.* (1939), 171 Misc. 839, 12 N.Y.S.2d 921 (photograph of deceased mother); *Harvey v. Wheeler Transfer & Storage Co.* (1938), 227 Wis. 36, 277 N.W. 627 (keepsakes).

A recurring problem in cases of this sort is whether and to what extent the owner of an item of personal property having no market value should be allowed to recover for the "sentimental value" which he attached to the item. In *Furlan v. Rayan Photo Works, Inc.* (1939), 171 Misc. 839, 12 N.Y.S.2d 921, 924, a New York court stated that the concept of actual value to the owner does not include the element of sentimental value. However, in *Mieske v. Bartell Drug Co.* (1979), 92

Wash. 2d 40, 46, 593 P.2d 1308, 1311, the Washington Supreme Court stated that the concept of actual value to the owner obviously includes some element of sentiment and that it is only "unusual sentimental value" or a "fanciful price" which is inappropriate in assessing damages. In line with this rationale is the New York trial court case cited by the plaintiffs, *Brousseau v. Rosenthal* (1980), 110 Misc. 2d 1054, 443 N.Y.S.2d 285. The plaintiff in *Brousseau* delivered her healthy, eight-year-old dog to a kennel and was told upon her return two weeks later that the dog had died. Applying the law of bailments, the court found that the defendant had been proved negligent, then turned to the question of how to compute damages given the fact that the dog had no ascertainable market value. The court determined that the measure of damages to be applied was the dog's actual value to the owner, then held that the loss of companionship was a proper element to consider in establishing the actual value of the dog. Based upon the evidence before it, the court awarded the plaintiff judgment in the amount of $550 plus costs.

■ The *Brousseau* court did not, as plaintiffs ask us to do, recognize loss of companionship as an independent cause of action, but rather considered it as an element to be used in measuring the actual value of the dog for purposes of calculating damages in a property damage case. In doing so, it followed the previously discussed rules regarding the assessment of damages in cases where the object destroyed has no market value. In line with these cases, we believe that the law in Illinois is that where the object destroyed has no market value, the measure of damages to be applied is the actual value of the object to the owner. The concept of actual value to the owner may include some element of sentimental value in order to avoid limiting the plaintiff to merely nominal damages. It appears clear that damages in such cases, while not merely nominal, are severely circumscribed.

■ The plaintiffs in the case at bar, however, expressly disavow any sort of limited recovery for property damage. Rather, they are asking us to extend the independent cause of action for loss of companionship recognized in cases such as *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, and *Dralle v. Ruder* (1986), 148 Ill. App. 3d 961, 500 N.E.2d 514, *leave to appeal allowed* (1987), Ill. 2d 573, to permit recovery by a dog owner for the loss of companionship of a dog. We do not believe that this is consistent with Illinois law.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McMORROW, P.J., and LINN, J., concur.