**Steven LEVIT and Jodi Levit,**
**Plaintiffs,**

v.

**GENERAL MOTORS CORP.,**
**Defendant.**

No. 86 C 2469.

United States District Court,
N.D. Illinois, E.D.

March 23, 1988.

Rick Schoenfield, Ettinger, Schoenfield & Katz, Ltd., Chicago, Ill., for plaintiffs.

(1935).

William Lynch Schaller, Baker & McKenzie, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiffs bring this action to recover on a products liability claim and a related claim for negligent infliction of emotional distress. They allege that the refrigerator in their apartment was negligently manufactured by defendant and that it suddenly burst into flames, destroying their personal property. Plaintiffs also seek damages for the emotional distress of Jodi Levit, which they claim is accompanied by physical manifestations. Defendant moves for partial summary judgment, arguing that plaintiffs fail to allege facts sufficient to permit recovery under Illinois law for the negligent infliction of emotional distress. We agree, and for the following reasons we grant summary judgment in favor of defendant on plaintiffs' emotional distress claim.

Illinois courts have for many years denied recovery for emotional distress unless the plaintiff proves contemporaneous physical impact from the occurrence that caused him or her to suffer. To avoid some of the harsh results of such a rule, and to allow courts to award damages for emotional distress without the extraordinary judicial fictions that accompanied decisions attempting to circumvent the "contemporaneous physical impact" rule, the Illinois Supreme Court, in *Rickey v. Chicago Transit Authority*, 98 Ill.2d 546, 457 N.E.2d 1, 75 Ill.Dec. 211 (1983), replaced the old rule with the "zone of danger" test. Under this test

> a bystander who is in a zone of physical danger and who, because of the defendant's negligence, has reasonable fear for his own safety is given a right of action for physical injury or illness resulting from emotional distress.

*Id.*, 98 Ill.2d at 555, 457 N.E.2d at 5, 75 Ill.Dec. at 215. The test requires two findings: (1) the person was within a zone of physical danger, *i.e.*, "in such proximity to the accident ... that there was a high risk to him of physical impact," and (2) the

person suffered physical injury or illness as a result of the emotional distress. *Id.*

The stipulated facts clearly show that Jodi Levit was not within the zone of danger created by the fire since she and her husband were away from their home at the time. The Levits agree that the rule in *Rickey* therefore does not apply to their case. They instead argue that they can recover for emotional distress as long as they can show that it has physical manifestations. In other words, they claim that they are entitled to damages if they can satisfy the second part of the two-part test in *Rickey*. This argument misunderstands both the old and the new rules in Illinois. The contemporaneous impact rule required a plaintiff claiming emotional distress to suffer a physical impact from the occurrence—in this case the fire. The new rule allows recovery for emotional distress if accompanied by physical manifestations, even where there is no contemporaneous physical impact, as long as there is a high risk of danger. To allow recovery, as plaintiffs argue, where there is physical manifestation but no contemporaneous impact and no presence within the zone of danger would destroy the two-part test of the Illinois rule. This we cannot do.

Plaintiffs further suggest that they may recover for Jodi Levit's emotional distress for loss in the use and enjoyment of her home. They rely on a rule from nuisance law and ask the court to apply this rule to their products liability action. Plaintiffs, however, do not state a claim under a nuisance theory nor could they, given the absence of a continuing invasion. Plaintiffs also do not provide the court with any compelling reason why Illinois courts would apply that concept in a products liability case. Under Illinois law a plaintiff cannot maintain a separate action for emotional distress caused by the negligent destruction of personal property. *See, e.g., Jankoski v. Preiser Animal Hospital, Ltd.*, 157 Ill.App.3d 818, 510 N.E.2d 1084, 110 Ill.Dec. 53 (1st Dist.1987) (denying recovery for loss of companionship or mental anguish caused by loss of a dog); *Rahn v. Gerdts*, 119 Ill.App.3d 781, 455 N.E.2d 807, 74 Ill.Dec. 378 (1983) (rejecting a claim for

emotional distress due to property loss in light of *Rickey* ). We therefore grant defendant's motion for partial summary judgment, striking any claim for damages arising from Jodi Levit's emotional distress.