*225 OPINION OF THE COURT
Andrea Masley, J.
Petitioner moved for summary judgment based on Mr. Dilone’s guilty plea in Bronx County Criminal Court to assault in the third degree. On December 2, 2010, this court granted the motion, and issued findings of fact and a five-year order of protection. The court also directed an inquest on papers to determine the amount of restitution. Pursuant to Family Court Act § 841 (e), restitution is an available remedy in this case. Petitioner submitted an affidavit, dated December 15, 2010, delineating her expenses:
Travel by subway to prosecute this case: $78.50
Destroyed toys, bottle of perfume and
bouquet of flowers: $100
Certificate of disposition: $10
There is no evidence that respondent was ordered to pay restitution in the criminal action and thus this order is not duplicative.
Respondent failed to file opposition which was due by January 21, 2011.
Under Family Court Act § 834, the standard of proof at a dispostional hearing is material and relevant.
Petitioner submits a receipt for the certificate of disposition which established the $10 expense. Petitioner’s travel expenses are also sufficiently documented in that her appearances in court are in the court’s file and would necessitate trips to meet with her attorney, the detective and District Attorney. Further, petitioner testified to injuries for which medical treatment is documented and thus those travel expenses are supported by the record as well.
However, petitioner does not allege in the petition that she suffered property damage. Since petitioner moved for summary judgment based on the criminal proceedings, there was no testimony here about property damage. The criminal disposition is silent as to property damage as well. In addition, there is no documentary evidence for the $100 for destroyed property. Admittedly, $100 is an estimate for items of sentimental value. While the court is authorized to award nominal damages, it cannot award sentimental value. (Furlan v Rayan Photo Works, Inc., 171 Misc 839 [Mun Ct, Queens County 1939].) The court would accept petitioner’s credible testimony that the intrinsic *226 value of the toys, perfume, and flowers is $100. (Matter of Victoria C. v Higinio C., 1 AD3d 173 [1st Dept 2003].) However, petitioner must first plead and prove property damage before any damages can be awarded. Therefore, petitioner has established damages in the amount of $88.50.
The statute provides that the court shall specify the method by which restitution is to be made by the respondent. If respondent fails to provide a money order or certified check to petitioner’s attorney within 10 days of service of this order with notice of entry, then petitioner shall have the right to execute on her judgment in the same ways that any successful litigant has available to enforce a money judgment including but not limited to income execution, restraining notice, and all devices listed in article 52 of CPLR.
Accordingly, it is ordered, that the petition for restitution is granted and petitioner shall have judgment for $88.50 with interest from September 24, 2009.