(28 Misc. Rep. 537.)

MOERAN v. NEW YORK POULTRY, PIGEON & PET-STOCK ASS'N,
Limited.

(Supreme Court, Appellate Term. July 26, 1899.)

BAILMENT—LIABILITY OF BAILEE FOR NEGLIGENCE.
    Plaintiff delivered a cat to defendant for purposes of exhibition. The contract provided that the bailment should be at owner's risk, but the defendant agreed to use reasonable care. The cat was lost by the negligence of defendant. Held, that defendant is liable for its value.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Lillian C. Moeran against the New York Poultry, Pigeon & Pet-Stock Association, Limited. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Murphy, Lloyd & Boyd, for appellant.
E. H. Moeran, for respondent.

FREEDMAN, P. J. The action was brought to recover the value of a cat delivered by the plaintiff to the defendant for exhibition, and to be returned after the lapse of a certain period of time. The defendant at the time of the delivery conducted an exhibition of pet animals at Madison Square Garden. The cat was entered under the rules of the association, which, so far as material here, provided that the entry was to be made at the owner's risk, and that all specimens would be cared for and returned at the close of the exhibition, and that the association would exercise all reasonable vigilance in the care of the exhibits, but would not be responsible for loss by fire or otherwise. There was no stipulation exempting the defendant from liability in case of negligence. The true construction of the contract between the parties, so far as material for the purpose of

the present controversy, therefore, is that, though the cat was received at owner's risk, the defendant remained bound to exercise ordinary care to prevent escape. The facts disclosed by the record fully establish that the defendant did not exercise the ordinary care requisite for that purpose, but was negligent, and that the escape of the cat was due to such negligence. Upon these facts, judgment was properly rendered for the plaintiff in the court below.

The judgment should be affirmed, with costs.

LEVENTRITT, J., concurs.

MacLEAN, J. (concurring). Herein is an instance of bailment, or, to borrow learned language from Massachusetts (Newhall v. Paige, 10 Gray, 366), locatum, of a Manx feline, described as a male specimen, longer as to its two hind legs than as to its fore, prize-winning from agricultural societies, of great value, and without a tail. Zenda, for so the Manx was hight, was brought to the show of pigeons, of poultry, and of pets, of the defendant, and placed in a coop thereof, by mistress and maid, assisted by an offering man, of fair complexion, and dressed in blue-checked overalls, with a colored blouse, in which livery many were about, who opened the coop door, and showed both how to open and to close it. A little later the powerful and peculiar exhibit had moved the iron cage, unforesightedly not fastened at the bottom, along and partly beyond the platform whereon it stood, making an aperture sufficient for his escape. Then he was off. There was quick but bootless pursuit by the attendants in pack, with many others, with hue and cry. Though often spied in the secrecies between the roof rafters and subcellar of the vast garden, Zenda was never recovered. Whether his manucapture was impracticable because he was strenuously moved to solitude by jealousy, or any other of the impulses delicately suggested by Allen, J., in his lettered and sympathetic opinion (Wiley v. Slater, 22 Barb. 506) anent the contentions of and over the dogs of Oneida county, or because feræ naturæ, as was held (Sutter v. Van Derveer, 47 Hun, 366) to be the bivalve, though destitute of locomotivity, in an oyster-bed litigation in the adjoining judicial department, is not stated. The defendant contends that it was relieved from liability for such loss because the animal was received at "owner's risk." But that proviso in the entrance blank, read with the regulations also prepared and furnished by the association, caused the owner to assume only the risk arising from ordinary dangers not to be prevented by reasonable and ordinary care on the part of the show company. It left the latter liable for occurrences which might be avoided with ordinary care and prudence. It still left to the exhibitor a right to anticipate that the coops provided, and in which, within the regulations, exhibits could only be shown, would be suitable for their purpose, and such as were likely to enable the defendant to carry out its undertaking to return the exhibit at the close of the exhibition. Besides, the constructive caption of the cat at the outset was lucrandi animo, so far as the corporation had a mind. It was delivered on the invitation of the de-

fendant, which charged and received a payment for the entry and for the coop. "Then it was," to take again from Massachusetts without plagiary, "locatum, and not depositum, and the defendant was liable for want of ordinary care." Newhall v. Paige, 10 Gray, 366. The learned justice of the municipal court, before whom the parties appeared and introduced their evidence, found for the plaintiff, and cast the defendant in damages of $50. He was right.

Judgment affirmed, with costs.