FAY H. BLAUVELT, Appellant, v. DEVEREAUX CLEVELAND, Respondent.

Fourth Department, October 19, 1921.

Animals — action to recover damages for loss of dog shot and killed by defendant — jury justified under evidence of characteristics and usefulness in awarding substantial damages without aid of opinions as to usable value of dog to plaintiff.

In an action to recover damages for the shooting and killing of the plaintiff's dog by the defendant, proof of the characteristics and usefulness of the dog was sufficient to permit the jury to determine the value and award substantial damages, without the aid of the opinion or judgment of witnesses who were familiar with the usable value of the dog to the plaintiff, it appearing that the dog had no marketable value.

HUBBS and CLARK, JJ., dissent upon opinion of the court below.

APPEAL by the plaintiff, Fay H. Blauvelt, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Wayne on the 26th day of July, 1920, upon the dismissal of the complaint by direction of the court at the close of the case, and also from an order entered in said clerk's office on the 26th day of July, 1920, denying plaintiff's motion for a new trial made upon the minutes.

*Foist H. Everhart* [*Charles T. Ennis* of counsel], for the appellant.

*O'Brien & Thompson* [*James P. Thompson* of counsel], for the respondent.

KRUSE, P. J.:

The defendant shot and killed the plaintiff's dog, whereupon the plaintiff brought this action to recover the damages.

Upon the trial the plaintiff was nonsuited on the ground that he had failed to prove that the dog had any value. The appeal is from the judgment entered upon the nonsuit. The plaintiff is a farmer living with his family upon a farm.

While it appears that the dog had no market value, he was nevertheless of substantial value to the plaintiff, as appears by the evidence. He drove the cows from the pasture to the stable, guarded the calves, caught the hogs and did many other things of service to his master. In short, he was a well-trained, good-natured, serviceable dog, and a great pet of the family. The plaintiff bought him when he was a puppy. He was four years old, a Scotch collie, police dog breed, and carried a tax-paid license tag, plaintiff having paid therefor two dollars and fifty cents.

The learned trial judge seems to have been of the opinion that the proof of the characteristics and usefulness of the dog was insufficient to permit the jury to determine the value without the aid of the opinion or judgment of witnesses who were familiar with the usable value of the dog to the plaintiff.

We are of the opinion that the jury would have been justified, under the evidence, in awarding substantial damages without the aid of such opinions, it appearing that the dog had no marketable value. We are not aware that the precise question has been passed upon by the Court of Appeals, but we think the decisions and what is said in the opinions of our Supreme Court sustain the conclusion we have reached. (*Dunlap* v. *Snyder*, 17 Barb. 561; *Brown* v. *Hoburger*, 52 id. 15; *Smith* v. *Griswold*, 15 Hun, 273.) We need not discuss the decisions of other States. Some of them seem not in accord with the cited cases in this State. (2 Suth. Dam. § 449; 3 C. J. 161, § 525.)

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur, except HUBBS and CLARK, JJ., who dissent upon the opinion of STEPHENS, J., delivered at the Trial Term.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.