No. 21695. Opinion Filed Dec. 8, 1931.

W. R. Withington, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe Asst. Atty. Gen., for respondents.

LESTER, C. J. This is an original action in this court to review an award of the State Industrial Commission to the claimant for injuries received while engaged in unloading a section of a flooring that was to be placed in a building to be used by the Canadian county fair association wherein exhibits were to be shown at an annual fair.

The Industrial Commission ordered that Canadian county be made a respondent. While the award of the Commission is not clear, it was evidently intended by the award that Canadian county and the county fair association were each liable to the claimant for compensation. At any rate, the fair association and Canadian county brought this action to review the order of the Commission and each contends that it does not come within the terms of the Workmen's Compensation Act (Comp. Stat. 1921, sec. 7282. et seq. as amended) and also that the employment of the claimant was not of a hazardous nature. The record shows that the claimant was employed by the fair association, and we do not find that there is any evidence tending to show that he was ever employed by the county. It is claimed by the respondent herein that the fair association is an agency of the county in so far as its duty relates to that of conducting fairs.

We quote the following sections relating to the powers, limitations, etc., of fair associations as found in Compiled Oklahoma Statutes of 1921:

Section 3634:

"Agricultural fair corporations may purchase, hold or lease any quantity of land, not exceeding in the aggregate 160 acres. with such buildings and improvements as may be erected thereon, and may sell, lease or otherwise dispose of the same at pleasure. Such real estate must be held for the purpose of erecting buildings and making other improvements thereon, to promote and encourage agriculture, horticulture, mechanics, manufactures, stock raising and general domestic industry."

Section 3635:

"Such corporations must not contract any debts or liabilities in excess of the amount of money in the treasury at the time of contract except for the purchase of real property, for which they may create a debt not exceeding three thousand dollars, secured by mortgage on the property of the corporation. The directors who vote therefor shall be personally liable for any debt contracted or incurred in violation of this section."

Section 3636:

"Agricultural fair corporations are not conducted for profit, and have no capital stock or income other than that derived from charges to exhibitors and fees for membership and admission, which charges, together with the term of membership and mode of acquiring the same, must be provided for in their by-laws. Such charges and fees must never be greater than to raise sufficient money to discharge the debt for the real estate and the improvements thereon, and to defray the current expenses of fairs."

Section 3637:

"Agricultural fair corporations may also be organized by three or more persons, as in the case of other corporations, with all the rights, privileges and liabilities appertaining to such corporations under the corporation laws of this state, including such rights and privileges as are specified in this and the three preceding sections."

As shown by section 3634, supra, fair associations are permitted to buy, hold or lease any quantity of land not exceeding 160 acres. And by section 3637, supra, fair associations are permitted to incorporate.

It is contended by the claimant that on account of the fact that a levy may be made by the excise board of the several counties, that such levy constitutes a fair association as an agency of the county. We do not agree with this contention. The fair association is organized and managed through the method pointed out by the statute.

The members of the county fair association have their own officers separate and apart from that of the county. A mere authorization for a tax levy to assist the corporation to carry on its affairs does not

make the fair association an agency of the county. We, therefore, hold that the county was not liable to the claimant.

The next question to be decided is whether or not the free fair association is a municipality as contemplated by the Industrial Act. Paragraph five of section 7284, C. O. S. 1921, as amended by section 2 of chapter 61 of Session laws of 1923, reads as follows:

" 'Employment' includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain."

It is not contended that the free fair association was for profit or pecuniary gain; therefore, such association does not come within the term of employment as provided by the Workmen's Compensation Act, unless it comes within the definition of a municipality.

Paragraph 3, sec. 2, chapter 61, Session Laws 1923, provides in part:

" 'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, or corporation employing workmen in hazardous employment, and shall include the state, county, city, or any municipality when engaged in any hazardous work within the meaning of this act."

If a free fair association is a municipality, then it would come within the terms of said act.

We have searchingly sought to find if any court had ever held that a free fair association which was supported in part by public revenue comes within the term of a "municipality," and we have been unable to find a single case where it has been so held.

In our judgment, a free fair association does not come within the term "municipality," as that term is defined and as generally understood by the public.

The award is vacated, with direction to dismiss the claim.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.