KAY COUNTY FREE FAIR ASS'N v. MARTIN.

No. 30207. Feb. 17, 1942.

*122 P. 2d 393.*

226

Roy E. Grantham, County Atty., and C. Wayne Stevens, Asst. County Atty., both of Newkirk, for plaintiff in error.

O. B. Martin, of Blackwell, for defendant in error.

PER CURIAM. Plaintiff alleges in her petition that on the 12th day of September, 1939, she left for exhibit with the Kay County Free Fair Association, defendant, a crocheted tablecloth of the reasonable market value of $250, and that at the close of the fair, on or about September 16, 1939, she tendered her claim check and asked for a return of the tablecloth and was refused the return thereof by the agents of the defendant; that the same could not be returned for the reason that it had been stolen.

A trial to the court resulted in a judgment for the plaintiff for $150, and to review the alleged errors arising on the trial defendant has appealed and presents two general propositions: First, that the court was without jurisdiction of the defendant for the reason that it was a voluntary free fair association. Plaintiff replied that this issue was not raised in the trial court. The defendant in its answer specifically alleges the due organization of the defendant, Kay County Free Fair Association, as a free fair association, and at no time otherwise than by the general demurrer contested such allegation. We are of the opinion that under the holding of this court in Canadian County v. Burgess, 153 Okla. 294, 5 P. 2d 752, construing section 3637, C. O. S. 1921, 2 Okla. St. Ann. § 34, the said defendant is a voluntary free fair association properly organized under the provisions of sections 8636-8646, O. S. 1931, 2 Okla. St. Ann. §§ 91-101, and as such association is subject to suit, and therefore the contention as to the jurisdiction is not sustained.

The second general proposition is that the defendant was a gratuitous bailee; that there is no negligence shown. Certain rules in a book called the catalogue of said Kay County Free Fair Association are referred to in the brief as a contract of bailment. One of these was section 4 of the Kay county catalogue stating that no claim should ever be asserted against the defendant association. No authorities are cited supporting the validity of any such rule. Rules of a similar nature are quite generally held to be invalid. French Republic v. World's Columbia Exposition, 83 Fed. 109, and authorities cited. This purported rule or regulation amounts to an attempt to contract or guard against a party's own negligence, which is not countenanced by the courts.

Fair associations have been recognized as being liable under certain circumstances for the loss or destruction of property committed to their custody for exhibition. The rules to be applied have been announced in the following cases: French Republic v. World's Columbia Exposition, supra; also, 91 Fed. 64; Moeran v. N. Y. Poultry, Pigeon & Petstock Ass'n, 59 N.Y.S. 584, 28 Misc. Rep. 537; Perera v. Panama Pac. Exposition, 179 Cal. 63, 175 P. 454; Vigo Agricultural Soc. v. Brumfield, 102 Ind. 146, 1 N. E. 382, 52 Am. Rep. 657; and a case cited and relied upon by the defendant, Colburn v. Washington State Art Association, 80 Wash. 662, 141 P. 1153, L.R.

A. 1915A, 594. Although in some of the above cases liability was found not to be established, the rule of ordinary care is applied. Defendant asserts that the rule as to the gratuitous bailee is applicable. We cannot agree with this contention. In French Republic v. World's Columbia Exposition, supra, the relation is declared to be that of a special bailment or a bailment for mutual benefit, but regardless of the name applied, the degree of care to be exercised is explicit and is that of ordinary care. In Vigo Agricultural Soc. v. Brumfield, supra, it is stated:

"The bailment was not a gratuitous one for the reason that the exhibition of the gun in response to the invitation contained in the advertisement of the appellant constituted a consideration for the undertaking."

And again:

"An association which invites persons to supply articles to enable it to conduct an exhibition receives some consideration from the person who responds to this invitation by placing articles in its care for exhibition."

In discussing the method to be used in determining ordinary care, the Supreme Court of Kansas, in Filson v. Pacific Express Co., 84 Kan. 614, 114 P. 863, stated that whether ordinary care had been exercised by the defendant was a question of fact under all of the circumstances, and as to whether a place of bailment is sufficiently guarded was held a question for the jury in Madan v. Covert (1877) 10 Jones & S. (N. Y.) 135. Defendant also relies on section 5 in the catalogue, which, in effect, prescribes the rules of care to be exercised. Under the principle announced in the above cases we hold that the defendant was required to use ordinary care regardless of any rule prescribed in the catalogue, for to hold otherwise would infringe the rule prohibiting contracting against one's own negligence.

Unless, therefore, we can say as a matter of law that there was no competent evidence from which the court could have found any failure to exercise ordinary care by the defendant, the case must be affirmed. The testimony was in conflict as to the degree of care exercised by the management in the control of the premises. The tablecloth was placed on some tables in the plain view of and subject to the handling of the patrons who visited the fair. Both parties testified freely that it was so crowded at times it would be impossible to watch every article on the tables. Although the pies and cakes under the control of the same people in the exhibit were incased in glass cases for their protection, the other exhibits, including the tablecloth, were not segregated from contact of the general public. No one knows when the tablecloth was stolen. It was discovered that it had been taken when Mrs. Butler and Mrs. Brooks searched for it between 8 and 9 o'clock, Friday evening, when some patron or friend asked to see it.

Defendant cites and relies upon Peoples National Bank v. Wheeler, 21 Okla. 387, 96 P. 619. We find nothing inconsistent in the rule therein announced and the rules applied in the foregoing cases, and find it sufficient to state that under the general discussion of the rules announced regarding bailments in that case we are of the opinion that from all of the evidence and the circumstances in the case the court was justified in finding that the defendant fair association was negligent.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.