OPINION OF THE COURT
Margaret Taylor, J.
This small claims action presents the question of how to make plaintiff whole in dollars for the defendant’s negligence in causing the death of plaintiff’s dog.
The evidence adduced at trial shows that on July 28, 1979 Ms. Brousseau delivered her healthy, eight-year-old dog for boarding at Dr. Rosenthal’s kennel. When she returned to the kennel on August 10, she was told that her dog had died on August 6. In this bailment for mutual benefit, defendant will be held only to a standard of ordinary care. (Aronette Mfg. Co. v Capitol Piece Dye Works, 6 NY2d 465; Griffin v Ruping, 30 Misc 2d 914; 2A Warren, NY Negligence [3d ed], § 4.04, p 265.) Nevertheless, defendant’s failure to return the bailed dog presumptively establishes his negligence, shifting the burden of proving due care to the defendant bailee. (2A Warren, NY Negligence [3d ed], § 4.08, p 269; Proctor & Gamble Distr. Co. v *1055 Lawrence Amer. Field Warehousing Corp., 16 NY2d 344; Aronette Mfg. Co. v Capitol Piece Dye Works, supra; Dalton v Hamilton Hotel Operating Co., 242 NY 481.)
That the usual rules apply to bailees of animals is not disputed. (Moeran v New York Poultry, Pigeon & Pet Stock Assn., 28 Misc 537; 2A Warren, NY Negligence [3d ed], § 4.21, p 284.) The policy that affords to the bailor the benefit of the presumption of negligence recognizes that the facts and proof surrounding the property’s loss are peculiarly within the knowledge and control of the bailee. In this case, where plaintiff consented to an autopsy of the dog, but where no report was forthcoming, and where contradictory explanations of the loss were proffered by defendant, but no competent proof was adduced as to the cause of the dog’s death, the fairness of this rebuttable presumption of negligence is manifest.
Having found that plaintiff is entitled to recover, we must devise a formula for computing the fair measure of her damages.
Although the general rules and principles measure damages by assessing the property’s market value, the fact that Ms. Brousseau’s dog was a gift and a mixed breed and thus had no ascertainable market value need not limit plaintiff’s recovery to a merely nominal award. (1 ALR3d 999.) An element of uncertainty in the assessment of damages or the fact that they cannot be calculated with absolute mathematical accuracy is not a bar to plaintiff’s recovery. (60 ALR2d 1348; 15 Am Jur, Damages, §21.)
Although the courts have been reluctant to award damages for the emotional value of an injured animal (Stettner v Graubard, 82 Misc 2d 132; Smith v Palace Transp. Co., 142 Misc 93), the court must assess the dog’s actual value to the owner in order to make the owner whole. (Blauvelt v Cleveland, 198 App Div 229; Smith v Palace Transp. Co., supra; 94 ALR 731-735.) The court finds that plaintiff has suffered a grievous loss. The dog was given to her when it was a puppy in August, 1970 shortly after plaintiff lost her *1056 husband. To this retired woman who lived alone, this pet was her sole and constant companion. Plaintiff testified that she experienced precisely the kind of psychological trauma associated with the loss of a pet that has received increased recent public attention. (See, e.g., A. Fischer, “When a Pet’s Death Hurts Its Master”, New York Times, May 8,1980, p 3, col 5.) As loss of companionship is a long-recognized element of damages in this State (see Millington v Southeastern Elevator Co., 22 NY2d 498)* the court must consider this as an element of the dog’s actual value to this owner. (Blauvelt v Cleveland, supra.)
Plaintiff must also be made whole for the protective value to her of this part German Shepherd. (Blauvelt v Cleveland, supra; Stettner v Graubard, supra; 6A Warren, NY Negligence [3d ed], § 6.01, p 18.) The testimony indicates that plaintiff relied heavily on this well-trained watchdog and never went out into the street alone at night without the dog’s protection. Since the dog’s death, plaintiff does not go out of her apartment after dark. In addition, her home was burglarized and a watch given to her on retirement was stolen while she was watching television in her own back bedroom. Had the dog been alive, no one would have entered her apartment undetected, for the dog would have barked vigorously at the mere sound of a presence in the hallway outside her apartment.
Resisting the temptation to romanticize the virtues of a “human’s best friend”, it would be wrong not to acknowledge the companionship and protection that Ms. Brousseau lost with the death of her canine companion of eight years. The difficulty of pecuniarily measuring this loss does not absolve defendant of his obligation to compensate plaintiff for that loss, at least to the meager extent that money can make her whole. The dog’s age is not a depreciation factor in the court’s calculations, for “manifestly, a good dog’s value increases rather than falls with age and training.” *1057 (Stettner v Graubard, supra, p 133.) The court therefore awards judgment to plaintiff in the sum of $550 plus costs and disbursements.

 Although loss of companionship has been excluded both as an element of damages in wrongful death cases and as an independent common-law action (Liff v Schildkrout, 49 NY2d 622) that holding was based upon the statutory pre-emption and upon the statutory language of EPTL 5-4.3 (supra, p 633). Because there is no analogous wrongful death statute that governs damages for the loss of an animal, the policies behind the loss of consortium cases impact upon the court’s consideration in the instant case. (See Millington v Southeastern Elevator Co., supra.)