■ UGENIA YOUNG, Respondent-Appellant, v DELTA AIR LINES, INC., Appellant-Respondent.—Order, Supreme Court, New York County, entered September 12, 1979, granting in part and denying in part defendant's motion for summary judgment, is unanimously modified, on the law, to the extent that defendant's motion for summary judgment dismissing the second and third causes of action in the complaint is granted and said causes of action are dismissed, and the order is otherwise affirmed, without costs. It is clear from the complaint and the bill of particulars that the present action is not for an insult to a passenger but rather for negligence and misconduct in connection with the transportation and consequent death of plaintiff's dog. In such circumstances, plaintiff's damages are limited by applicable tariff filed with the Civil Aeronautics Board to $500 and may not be increased beyond that by allegations of emotional distress to plaintiff or claims for punitive damages. *(Crosby & Co. v Compagnie Nationale Air France,* 76 Misc 2d 990, 996-999, affd 42 AD2d 1050; *Blair v Delta Air Lines,* 344 F Supp 360; *Tishman & Lipp v Delta Air Lines,* 275 F Supp 471, 480, affd 413 F2d 1401.) And even apart from the tariffs, New York law does not permit recovery for mental suffering and emotional disturbance as an element of damages for loss of a passenger's property *(Cohen v Varig Airlines,* 62 AD2d 324, 336); nor does this appear to be a case where punitive damages could be awarded under New York law. Concur—Murphy, P. J., Sandler, Ross, Silverman and Carro, JJ.