■ MITCHELL R. SCHRAGE et al., Appellants-Respondents, v HATZLACHA CAB CORPORATION et al., Respondents-Appellants. [788 NYS2d 4]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 9, 2003, which, in an action to recover damages for the negligent destruction of plaintiffs' dog, granted plaintiffs' motion for partial summary judgment on the issue of liability, but also granted defendants' cross motion insofar as to dismiss plaintiffs' claims for mental shock, anxiety and distress, loss of companionship, loss of life's enjoyment, gross negligence, and for punitive damages, unanimously affirmed, without costs.

Plaintiffs satisfied their initial burden as summary judgment movants by demonstrating prima facie that their dog's demise was solely attributable to the negligent operation by defendant Khan of the taxicab owned by defendant Hatzlacha Cab Corporation. Inasmuch as defendants failed to meet their consequent burden to submit evidence raising a triable issue with respect to liability, the grant of summary judgment was proper (*see Perez v Brux Cab Corp.*, 251 AD2d 157, 159 [1998]). As the motion court held, however, pets are treated under New York law as personal property, and the loss of a dog by reason of negligence will not support claims by the animal's owners to recover for their resulting emotional injury (*see Johnson v Douglas*, 289 AD2d 202 [2001]; *Jason v Parks*, 224 AD2d 494 [1996]; *Fowler v Town of Ticonderoga*, 131 AD2d 919, 921 [1987]; *Young v Delta Air Lines, Inc.*, 78 AD2d 616 [1980]). Finally, the circumstances alleged do not indicate the level of wanton conduct necessary to sustain a claim for punitive damages in a tort action (*cf. Bondi v Bambrick*, 308 AD2d 330 [2003]). Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.