■ Darlene Feger, Appellant, v Warwick Animal Shelter et al., Respondents, et al., Defendants. [814 NYS2d 700]—

In an action, inter alia, to recover possession of chattel, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated March 2, 2005, as granted that branch of the motion of the

defendants Warwick Animal Shelter and Thomas Loughlan which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and denied that branch of her cross motion which was for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first through fourth causes of action in the complaint insofar as asserted against the defendants Warwick Animal Shelter and Thomas Loughlan and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the first through fourth causes of action in the complaint are reinstated insofar as asserted against the defendants Warwick Animal Shelter and Thomas Loughlan.

The plaintiff commenced this action against, among others, the Warwick Animal Shelter and its employee Thomas Loughlan (hereinafter referred to collectively as the Shelter defendants) to recover possession of a cat and for damages. The plaintiff alleged that a white Persian cat (identified as "Lucy"), surrendered to the shelter by an unidentified person (named in the action as "Jane Roe") and adopted by an unidentified family (named in the action as the "Jones Family"), was actually her champion pure-bred Persian cat "Kisses" that was stolen from her home. The Supreme Court, inter alia, granted that branch of a motion by the Shelter defendants which was to dismiss the complaint insofar as asserted against them on the ground that they were entitled to statutory immunity pursuant to Agriculture and Markets Law § 374 (3). We modify.

In light of the allegation that the Shelter defendants knowingly accepted a stolen cat for adoption, the Supreme Court erred in granting that branch of their motion which was for summary judgment dismissing the first through fourth causes of action in the complaint insofar as asserted against them as a matter of law pursuant to Agriculture and Markets Law § 374 (3) (see CPLR 3211 [a] [7]). However, the Shelter defendants are correct that the plaintiff may not recover damages for the emotional harm she allegedly suffered from the loss of her cat (see Schrage v Hatzlacha Cab Corp., 13 AD3d 150 [2004]; Jason v Parks, 224 AD2d 494 [1996]; Fowler v Town of Ticonderoga, 131 AD2d 919 [1987]) and that the allegations of the complaint are insufficient to support a claim for punitive damages (see Colombini v Westchester County Healthcare Corp., 24 AD3d 712 [2005]). Thus, the fifth and sixth causes of action were properly dismissed insofar as asserted against the Shelter defendants. We

note that the plaintiff's claim for punitive damages was erroneously pleaded as a separate cause of action (*see Yong Wen Mo v Gee Ming Chan,* 17 AD3d 356 [2005]).

The court properly denied the plaintiff's cross motion for summary judgment. There are questions of fact, inter alia, as to whether "Lucy" is "Kisses" (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

To the extent that the appellant raises issues with respect to that branch of the Shelter defendants' motion which was for a protective order pursuant to CPLR 3103, the Supreme Court failed to determined that branch of the motion and it remains pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]). Thus, those issues are not properly before us. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.