■ STEPHEN KYPRIANIDES, Appellant, v WARWICK VALLEY HUMANE SOCIETY, Respondent. [873 NYS2d 710]—

In an action, inter alia, to recover damages for the intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Orange County (Sherwood, J.), dated April 23, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the cause of action which was, in effect, for the return of $250 allegedly paid to the defendant, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant demonstrated its prima facie entitlement to summary judgment dismissing the causes of action to recover damages for intentional and negligent infliction of emotional distress. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The defendant demonstrated that it was authorized pursuant to Agriculture and Markets Law § 373 to take possession of the plaintiff's 15 dogs, 16 cats, 30 pigeons, and an iguana after finding them in crowded and unsanitary conditions in his home following a lawful police search (see Agriculture and Markets Law § 373 [2]; Hand v Stray Haven Humane Socy. & S.P.C.A., Inc., 21 AD3d 626, 630 [2005]). Under the circumstances of this case, the defendant's conduct in euthanizing some of the animals was not sufficiently outrageous and egregious to support a claim for the intentional infliction of emotional distress (see Perry v Valley Cottage Animal Hosp., 261 AD2d 522, 522-523 [1999]), and New York law does not recognize a claim for negligent infliction of emotional distress for the loss of animals (see Schrage v Hatzlacha Cab Corp., 13 AD3d 150 [2004]; Johnson v Douglas, 289 AD2d 202 [2001]; Jason v Parks, 224 AD2d 494, 495 [1996]).

However, the defendant failed to meet its burden of showing its prima facie entitlement to summary judgment on the plaintiff's cause of action which was, in effect, for the return of $250 allegedly paid to the defendant (see Alvarez v Prospect Hosp., 68 NY2d at 324).

The plaintiff's remaining claim regarding the cause of action based on conspiracy to obstruct justice is not properly before this Court. Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.