Leistner v Vanini (2022 NY Slip Op 05441)

Leistner v Vanini

2022 NY Slip Op 05441

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, WINSLOW, AND BANNISTER, JJ.

669 CA 22-00324

[*1]VICKI LEISTNER, PLAINTIFF-APPELLANT,
v
DAVID VANINI AND BUFFALO BARKS, LLC, DEFENDANTS-RESPONDENTS. 

THE LAW OFFICES OF MATTHEW ALBERT, DARIEN CENTER (MATTHEW ALBERT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
THE LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (MICHAEL R. SCHUG OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 7, 2021. The order granted the motion of defendants to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second cause of action in the amended complaint insofar as it seeks economic damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for, inter alia, emotional distress after her dog died while at defendant Buffalo Barks, LLC, a dog daycare facility owned by defendant David Vanini. Supreme Court granted defendants' CPLR 3211 (a) (7) motion to dismiss the amended complaint, and plaintiff now appeals.
Initially, we note that, on a motion to dismiss pursuant to CPLR 3211 (a) (7), we "must afford the pleadings a liberal construction, accept the allegations of the complaint as true and provide plaintiff . . . 'the benefit of every possible favorable inference' " (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005], quoting Leon v Martinez, 84 NY2d 83, 87 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
We reject plaintiff's contention that the court erred in granting that part of defendants' motion seeking to dismiss the first cause of action, which alleged both negligent and "intentional/reckless" infliction of emotional distress. It is well-settled that New York "does not recognize a claim for negligent infliction of emotional distress for the loss of animals" (Kyprianides v Warwick Val. Humane Socy., 59 AD3d 600, 601 [2d Dept 2009]; see Schrage v Hatzlacha Cab Corp., 13 AD3d 150, 150 [1st Dept 2004]; DeJoy v Niagara Mohawk Power Corp., 13 AD3d 1108, 1109 [4th Dept 2004]; Lewis v DiDonna, 294 AD2d 799, 801 [3d Dept 2002]). The tort of intentional infliction of emotional distress has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Liability for intentional infliction of emotional distress is rare, and is appropriate "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (id. at 122 [internal quotation marks omitted]). The tort of reckless infliction of emotional distress has the same elements (see Dana v Oak Park Marina, 230 AD2d 204, 208-[*2]209 [4th Dept 1997]). "[R]eckless conduct is encompassed within the tort denominated intentional infliction of emotional distress" (id. at 209).
Here, accepting plaintiff's allegations as true and granting her every possible favorable inference, we conclude that the alleged conduct of defendants falls short of the standard for intentional or reckless infliction of emotional distress (see Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]; Gilewicz v Buffalo Gen. Psychiatric Unit, 118 AD3d 1298, 1299-1300 [4th Dept 2014]). Defendants did not intentionally kill plaintiff's dog (cf. Barrish v Chiesa, 182 AD3d 496, 496 [1st Dept 2020]). At most, the allegations of the amended complaint show that plaintiff's dog was killed when defendants' facility should not have been open or was inadequately staffed; staff should have been outside where the dogs were playing; plaintiff's dog should not have been in the same area as larger dogs; Vanini tampered with evidence and engaged in a cover-up after the incident; and, on two occasions after the incident, Vanini drove past plaintiff's place of business and made an offensive gesture. Those allegations do not amount to the type of extreme and outrageous conduct that is actionable (see Kyprianides, 59 AD3d at 601). The court therefore properly granted that part of the motion seeking to dismiss the cause of action for negligent and intentional/reckless infliction of emotional distress for failure to state a cause of action (see Gilewicz, 118 AD3d at 1300).
We agree with plaintiff, however, that the court erred in granting that part of the motion seeking to dismiss the second cause of action to the extent it seeks economic damages for the loss of plaintiff's dog, and we therefore modify the order accordingly. Defendants do not dispute that a party may recover for the economic loss of a dog due a defendant's negligence (see e.g. Schrage, 13 AD3d at 150; Melton v South Shore U-Drive, 32 AD2d 950, 951 [2d Dept 1969]; Blauvelt v Cleveland, 198 App Div 229, 229-230 [4th Dept 1921]), but they contend that plaintiff's second cause of action sought damages only for emotional distress. Giving the pleading a liberal construction, as we must, we conclude that plaintiff's request for "special damages" in her amended complaint was broad enough to encompass her request for economic damages. Indeed, in opposing defendants' motion, plaintiff clarified that her second cause of action was seeking economic damages in addition to damages for emotional distress.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court